1   Roberto Anguizola
    Illinois Bar # 6270874
2   (Admitted in the D. Nev. pursuant to LR IA 11-3)
    Tel. (202) 326-3284
3   Email: ranguizola@ftc.gov

4   Miry Kim
    Washington Bar # 31456
5   (Seeking admission pursuant to LR IA 11-3)
    Tel. (202) 326-3622
6   Email: mkim@ftc.gov

7   Gregory J. Evans
    DC Bar # 1033184
8   (Seeking admission pursuant to LR IA 11-3)
    Tel. (202) 326-3425
9   Email: gevans2@ftc.gov

10  Federal Trade Commission
    600 Pennsylvania Avenue, NW
11  Mail Drop CC-8528
    Washington, DC 20580

12  Attorneys for Plaintiff
    FEDERAL TRADE COMMISSION

13
                        UNITED STATES DISTRICT COURT
14                            DISTRICT

15  FEDERAL TRADE COMMISSION,
                                            **2:18-cv-00442-JCM-PAL**
16          Plaintiff,

17          v.

18  AWS, LLC, a Nevada limited liability company;     FILED UNDER SEAL
    FBA DISTRIBUTORS, LLC, a Massachusetts
19  limited liability company; FBA STORES, LLC, a     PLAINTIFF FEDERAL TRADE
    Nevada limited liability company; INFO PROS,      COMMISSION'S EXHIBITS
20  LLC, a Nevada limited liability company; ONLINE
    AUCTION LEARNING CENTER, INC., a                  VOLUME X
21  Massachusetts corporation; ONLINE AUCTION
    LEARNING CENTER, INC., a Nevada corporation;      Px. 86 – 88
22  CHRISTOPHER F. BOWSER; ADAM S.
    BOWSER; and JODY MARSHALL,                         FTC-002254 TO FTC-002340
23
            Defendants.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

AWS, LLC, a Nevada limited liability company;
FBA DISTRIBUTORS, LLC, a Massachusetts
limited liability company; FBA STORES, LLC, a
Nevada limited liability company; INFO PROS,
LLC, a Nevada limited liability company;
ONLINE AUCTION LEARNING CENTER,
INC., a Massachusetts corporation; ONLINE
AUCTION LEARNING CENTER, INC., a
Nevada corporation; CHRISTOPHER F.
BOWSER; ADAM S. BOWSER; and JODY
MARSHALL,

     Defendants.

CASE NO. _____

**FILED UNDER SEAL**

**PLAINTIFF FEDERAL TRADE
COMMISSION'S EXHIBITS**

**VOLUME X**

**Px. 86 – 88**

**FTC-002254 TO FTC-002340**

| Px. # | Exhibit Description | Bates Start Range | Bates End Range |
|---|---|---|---|
| Px. 86 | Motion to Dismiss or in the Alternative, to Transfer Venue Filed in *Amazon.com Inc. v. FBA Stores, LLC et al.*, No. 2:17cv1830 (W.D. Wash. filed Dec. 6, 2017) | FTC-002254 | FTC-002276 |
| Px. 87 | Adam Bowser's Declaration in Support of Motion to Dismiss or in the Alternative, to Transfer Venue Filed in *Amazon.com Inc. v. FBA Stores, LLC et al.*, No. 2:17cv1830 (W.D. Wash. filed Dec. 6, 2017) | FTC-002277 | FTC-002334 |
| Px. 88 | Chris Bowser's Declaration in Support of Motion to Dismiss or in the Alternative, to Transfer Venue Filed in *Amazon.com Inc. v. FBA Stores, LLC et al.*, No. 2:17cv1830 (W.D. Wash. filed Dec. 6, 2017) | FTC-002335 | FTC-002340 |

**Px. 86    Motion to Dismiss or in the Alternative, to Transfer Venue Filed in Amazon.com Inc. v. FBA Stores, LLC et al., No. 2:17cv1830 (W.D. Wash. filed Dec. 6, 2017)**

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, AMAZON TECHNOLOGIES, INC., a Nevada corporation, and AMAZON SERVICES, LLC, a Nevada limited liability company, | NO. 2:17-cv-01830-RSL |
| Plaintiffs, | DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER VENUE |
| v. | NOTE ON MOTION CALENDAR: APRIL 13, 2018 |
| FBA STORES, LLC, a limited liability company; FBA DISTRIBUTORS, LLC, a limited liability company; FBA ADVANTAGE, LLC, a limited liability company; AWS, LLC, a limited liability company; ONLINE AUCTION LEARNING CENTER, INC., a corporation; CHRISTOPHER BOWSER, an individual; ADAM BOWSER, an individual; and DOE Companies 1-20, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL)

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

PLAINTIFF'S
EXHIBIT
86

## TABLE OF CONTENTS

I.   FACTUAL BACKGROUND ................................................................................1

    A.   Adam and Chris Bowser Individually...........................................................1

    B.   FBA Stores, LLC ..........................................................................................2

    C.   Online Auction Learning Center ...................................................................2

    D.   FBA Distributors, LLC .................................................................................3

    E.   FBA Advantage, LLC ...................................................................................3

    F.   AWS, LLC ....................................................................................................4

    G.   Amazon's Business Relationship With FBA Stores ......................................4

II.   LEGAL AUTHORITY .....................................................................................5

    A.   Personal Jurisdiction .....................................................................................5

    B.   Venue Transfer Pursuant to 1404(A) ...........................................................8

    C.   Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) ..............................8

III.   ANALYSIS ........................................................................................................8

    A.   No General Jurisdiction Over All Defendants ..............................................8

    B.   No Specific Personal Jurisdiction Over All Defendants Except
        FBA Stores ....................................................................................................9

        1.   No Personal Jurisdiction Over Online Auction Learning
            Center (OALC)....................................................................................9

        2.   No Personal Jurisdiction Over FBA Distributors, LLC....................10

        3.   No Personal Jurisdiction Over FBA Advantage, LLC ......................10

        4.   No Personal Jurisdiction Over AWS, LLC .......................................11

    C.   No Personal Jurisdiction Over Adam and Chris Bowser.............................11

        1.   No Purposeful Direction by Adam or Chris.......................................12

        2.   It Would Be Unreasonable to Exercise Jurisdiction
            Over Adam and Chris Bowser ..........................................................12

    D.   A Transfer of Venue Is Appropriate in the Alternative...............................14

    E.   The Complaint Fails to State a Claim Against Defendants...........................16

        1.   Claims Against Adam and Chris Bowser, OALC, FBA
            Distributors, FBA Advantage, and AWS, LLC Should
            Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).........................16

        2.   Count III Fails to State a Claim for False Advertising......................17

IV.   CONCLUSION ................................................................................................18

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Defendants move to dismiss this case for lack of personal jurisdiction or, in the alternative, to transfer this case to a more convenient forum, the District of Massachusetts.

## I.   FACTUAL BACKGROUND

Plaintiffs have improperly named a wide swath of entities as defendants in this lawsuit, merely because of a perceived affiliation with Adam and Chris Bowser. Some of the accused companies are no longer operational, most lack any contact with the state of Washington, and only one was arguably involved in the allegedly improper actions described in the Amended Complaint. Each individual defendant's background, contacts, and involvement in the alleged actions, or lack thereof, is described herein.

### A.   Adam and Chris Bowser Individually

Adam and Chris Bowser are brothers who founded and manage several successful businesses that are organized and operate as different corporate entities. Adam Bowser ("Adam") works and lives in Weymouth, Massachusetts. *See* Declaration of Adam Bowser ("Adam Decl."), ¶ 2. Chris Bowser ("Chris") lives and works in New York City, New York. *See* Declaration of Chris Bowser ("Chris Decl."), ¶ 2. Adam's and Chris' few contacts with Washington have been exclusively on behalf of their business. Adam Decl., ¶¶ 4-5; Chris Decl., ¶¶ 4-5. Adam and Chris do not own any property in Washington. Adam Decl., ¶ 3; Chris Decl., ¶ 3. They do not have bank accounts, tax liability, residences, employees, or offices in Washington. *Id.*

Adam made only three visits to Washington State between 2010 and 2017. Adam Decl., ¶ 4. Adam taught company workshops on two of those visits (one in 2015 and one in 2016). *Id.* Adam's only visit in 2017 was at Amazon's request and for the sole purpose of discussing a business arrangement between the companies with an Amazon business executive, Forrest Moore. Adam Decl., ¶¶ 4-5. Amazon initiated the contact with Adam and Chris and requested they attend the April 2017 meeting in Seattle. *Id.*

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Chris made six visits to Washington between 2010 and 2017. Chris Decl., ¶ 4. Chris spoke at one event in 2010, one event in 2011, two workshop events in 2015, and attended one event in 2016. *Id.* Chris' only visit in 2017 was also for the sole purpose of attending the April 2017 meeting in Seattle with Forrest Moore. *Id.*, ¶ 5.

Thus, the only contact that either Adam or Chris had with Washington during the time-period of the accused activities was at the bequest of an Amazon employee.

**B.    FBA Stores, LLC**

FBA Stores, LLC ("FBA Stores") was officially created in 2016. Adam Decl., ¶ 7; Chris Decl. ¶ 7. Prior to that, from 2013 to 2016, FBA Stores operated as a d/b/a of Online Auction Learning Center. *Id.*, ¶ 6. FBA stands for Fulfillment by Adam. FBA Stores holds workshops nationwide to educate people about selling products online, such as through Amazon.com. *Id.*, ¶ 8. FBA Stores also offers consulting services to assist their clients set up and run storefronts on Amazon.com or other e-commerce sites. *Id.* FBA Stores also offers a service whereby FBA Stores will purchase a product, label it, and ship it to an Amazon Fulfillment Center on behalf of an FBA Stores client. *Id.*

FBA Stores is headquartered in Weymouth, Massachusetts and has approximately 100 full time employees and contractors. Adam Decl., ¶ 9; Chris Decl., ¶ 9. All of its employees live in Massachusetts and the independent contractors are scattered across the country. *Id.* FBA Stores held approximately 19 workshops in the state of Washington during 2017. *Id.*, ¶ 10. FBA Stores typically mails out approximately 30,000 to 40,000 flyers for each workshop. *Id.* None of the 2017 events, however, were taught by or attended by Adam or Chris. *Id.* FBA Stores has no offices, no property, no bank accounts, and no employees located in the state of Washington. *Id.*, ¶ 11.

**C.    Online Auction Learning Center**

Adam and Chris formed Online Auction Learning Center, Inc. ("OALC") in 2009. Adam Decl., ¶ 6; Chris Decl., ¶ 6. OALC ceased operations in 2013. *Id.* On behalf of OALC, Chris and

DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-RSL) - 2

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

FTC-002258

Adam provided consulting services and spoke at workshops regarding online sales. The address for OALC is listed as Weymouth, Massachusetts but it no longer operates as a business and does not have any offices. *Id.* OALC has no property, no bank accounts, no offices, and no employees in Washington. *Id.*, ¶ 11. OALC was not involved in the alleged actions of the Amended Complaint because it ceased operations in 2013, more than four years prior. *Id.*, ¶ 6.

**D.    FBA Distributors, LLC**

FBA Distributors, LLC ("FBA Distributors") is based in Weymouth, Massachusetts and managed by Adam and Chris. Adam Decl., ¶ 12; Chris Decl., ¶ 12. FBA Distributors previously resold and distributed wholesale products to FBA Stores' clients who had Amazon.com storefronts. *Id.*, ¶ 13. FBA Distributors stopped providing this service to its clients at the end of 2016. *Id.* FBA Distributors has no website, does no marketing, and is not doing any business in Washington state. *Id.*, ¶ 14. FBA Distributors has had no contacts with Washington and no involvement in the alleged acts described in the Amended Complaint. *Id.*

**E.    FBA Advantage, LLC**

FBA Advantage, LLC ("FBA Advantage") was organized and operated by an FBA Stores employee, Ronald Dunn, to provide a service to FBA clients. Adam Decl., ¶ 15; Chris Decl., ¶ 15. FBA Advantage would accept returned products on behalf of a client seller and handle the associated logistical issues. *Id.*, ¶ 17. FBA Advantage would destroy, re-sell, or repurpose the returned product. *Id.* Adam, Chris, and FBA Stores never had any ownership interest in FBA Advantage. *Id.*, ¶ 16. FBA Advantage has no website, does no marketing, and ceased operations in mid-2017. *Id.*, ¶ 18.

FBA Advantage never held or sponsored seminars and workshops, never had marketing or advertising materials, and had no control over or responsibility for the allegedly false product descriptions. Adam Decl., ¶ 18; Chris Decl., ¶ 18. FBA Advantage had no contacts with Washington and no involvement in the alleged acts described in the Amended Complaint. *Id.*

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

FTC-002259

**F.    AWS, LLC**

Prior to 2017, AWS was a d/b/a for FBA Stores. AWS stands for Amazing Wealth Systems. AWS was officially created as AWS, LLC in mid-2017. Adam Decl., ¶ 19; Chris Decl., ¶ 19. Despite being organized, AWS, LLC never began operations. *Id.*, ¶ 20. AWS, LLC therefore has never operated or engaged in business in Washington. *Id.* Any possible contacts made by FBA Stores, LLC d/b/a AWS are attributable to FBA Stores and not AWS, LLC. AWS, LLC has never held or sponsored seminars and workshops, it has never advertised, and it has no control over or responsibility for allegedly false product descriptions. *Id.*, ¶ 21. In sum, AWS, LLC has had no contacts with Washington and no involvement in the alleged acts. *Id.*

**G.    Amazon's Business Relationship With FBA Stores**

Around late February 2017, Amazon reached out to FBA Stores, LLC in order to develop a business relationship. Exhibit 1.[1] Amazon wanted introductions to FBA Stores' new students and in return, promised a "higher degree of service." Exhibit 2. FBA Stores gave questionnaires to its students and forwarded the responses and contact information to Amazon. Exhibit 3. Amazon then selected promising students and provided them with an "internal point of contact" at Amazon who offered them coaching and insights for growing the student's businesses. Exhibits 3, 4. Throughout their relationship, Amazon helped to "ungate" FBA Stores' students, allowing them to sell in restricted categories and brands of products. Exhibit 3. Amazon also advised FBA Stores to work around Amazon account suspensions by advising the student to open new Amazon accounts through business partners with a different "last name, address, credit card, bank account, [and] IP [address]" than the blocked accounts to avoid the accounts being linked. Exhibits 5-7.

Initially, FBA Stores communicated with Jamie Kenningham and Nolan Felarca of Amazon's Business group. Exhibit 2. A third Amazon employee became involved with FBA

---

[1] All exhibits cited herein are attached to the Exhibits to Defendants' Motion to Dismiss or in the Alternative, to Transfer Venue, and all relevant portions are highlighted.

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 4

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Stores when, in April 2017, Forrest Moore invited Adam and Chris to meet him at Amazon's headquarters in Seattle. Exhibit 8. Moore subsequently took over as FBA Stores' primary contact within the Amazon Business group. *Id.* From the beginning, Amazon's "Senior Management" was aware of and interested in the relationship with FBA Stores. Exhibit 9. According to Moore, the relationship was mutually beneficial because he believed he was able "to provide value" to FBA Stores. Exhibit 10. Amazon and FBA Stores worked together for most of 2017 until Moore abruptly broke off the relationship on November 29, 2017, saying that FBA Stores' students were no longer "business relevant." Exhibit 11. Without warning, Amazon sued FBA Stores one week later on December 6, 2017.

## II.   LEGAL AUTHORITY

### A.   Personal Jurisdiction

A complaint lacking personal jurisdiction may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). Fed. R. Civ. P. 12(b)(2). It is the plaintiff who bears the burden to establish that jurisdiction is appropriate as to each defendant. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff can only meet its burden, in the absence of an evidentiary hearing, to establish personal jurisdiction by making a *prima facie* case, supported by specific facts and/or supporting affidavits. *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1223 (9th Cir. 2011).

A *prima facie* showing means the plaintiff has come forward with admissible evidence sufficient to establish the existence of personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003). Where the motion is based on written submissions, the complaint's uncontroverted factual allegations must be accepted as true; the court will draw "reasonable inferences" from the complaint in favor of the plaintiff; and any factual conflicts in the parties' declarations must be resolved in plaintiff's favor. *Id.*

A court may exercise general or specific personal jurisdiction over a defendant. General jurisdiction requires continuous and systematic business contacts with the forum state that

---

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

approximate a physical presence in the state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, (1984); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The general jurisdiction standard is "an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

Specific personal jurisdiction is determined by a minimum contacts analysis. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The minimum contacts analysis uses a three-pronged test to evaluate the extent and nature of a defendant's contacts with the forum state. *Mavrix Photo*, 647 F.3d at 1228-29. First, the defendant must have purposefully directed its activities to the forum state, or performed some act by which the defendant has purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. *Id.*[2] Second, the claim at issue must have arisen out of or relates to the defendant's forum-related activities. *Id.* Third, the exercise of jurisdiction must be reasonable. *Id.* If a plaintiff meets its burden on the first two prongs, to defeat jurisdiction, a defendant must come forward with a "compelling case" why the exercise of jurisdiction is unreasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

Regarding the first prong, a court determines whether the defendant purposely directed its activities to the forum state by employing the "effects test" laid out in *Calder v. Jones*, 465 U.S. 783 (1984). The effects test requires the defendant to have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) that caused harm the defendant knows is likely to be felt in the forum state. *Id.* at 787. Moreover, each individual defendant's acts and contacts must be evaluated separately. *Calder*, 465 U.S. at 790. The second prong, the "express aiming" requirement, considers whether the defendant engaged in wrongful conduct targeted at the

---

[2] Courts generally use the "purposeful direction" part of this element when the claim sounds in tort—such as trademark infringement. *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 958 (N.D. Cal. 2015).

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 6

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

plaintiff who the defendant knows to be a resident of the forum state. *Dole Food Co. v. Watts*,

303 F.3d 1104, 1111 (9th Cir. 2002).

Under the third prong, seven factors are considered in determining whether the exercise

of jurisdiction is reasonable:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs;
> (2) the burden on the defendant of defending in the forum; (3) the extent of the
> conflict with the sovereignty of the defendant's state; (4) the forum state's interest
> in adjudicating the dispute; (5) the most efficient judicial resolution of the
> controversy; (6) the importance of the forum to the plaintiff's interest in convenient
> and effective relief; and (7) the existence of an alternative forum.

*Dole Food*, 303 F. 3d. at 1114.

A court may not exercise jurisdiction over individual officers or employees of a company

simply based on the corporation's contacts. The contacts made by each officer or employee must

be judged separately from the corporation's contacts. *Calder*, 465 U.S. at 790; *Davis v. Metro

Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Failla v. FixtureOne Corp.*, 181 Wn.2d 642, 651,

336 P.3d 1112 (2014). In addition, the existence of jurisdiction over a parent corporation does

not automatically establish jurisdiction over a wholly-owned subsidiary and vice versa. *Keeton v.

Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984).

Last, a plaintiff cannot manufacture contacts with the forum state to establish personal

jurisdiction over a defendant. *Key Tronic Corp. v. Smart Techs. ULC*, No. 2:16-cv-0028-TOR,

2016 U.S. Dist. LEXIS 167804, at *23-24 (E.D. Wash. Dec. 5, 2016) (holding that it is

impermissible for a plaintiff to manufacture personal jurisdiction by allowing a plaintiff's

contacts with defendant and the forum to drive the jurisdictional analysis); *Adobe Sys. v. Trinity

Software Distribution, Inc.*, No. C12-1614SI, 2012 U.S. Dist. LEXIS 123159, at *15 (N.D. Cal.

Aug. 29, 2012) (holding that a plaintiff cannot manufacture jurisdiction in a trademark case by

purchasing the accused product in the forum state).

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

B.    **Venue Transfer Pursuant to 1404(A)**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a). The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice. *Commodity Futures Trading Comm'n. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). In deciding a motion to transfer venue, a court weighs multiple factors, including (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the location of books and records, (5) which forum's law applies, (6) the interests of justice, and (7) administrative considerations. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

C.    **Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) when it states no cognizable legal theory or alleges insufficient facts under a recognized legal theory. *OTR Wheel Eng'g, Inc. v. West Worldwide Servs., Inc.*, No. CV-14-085 LRS, 2015 U.S. Dist. LEXIS 179509, at *2 (E.D. Wash. Nov. 30, 2015); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must contain enough facts to state a claim to relief that is plausible). Drawing all reasonable inferences in the plaintiff's favor, a court must first identify the elements of the asserted claims and then determine whether those elements can be proven on the alleged facts. Fed. R. Civ. P. 8(a)(2); *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1051 (9th Cir. 2012).

III.   **ANALYSIS**

A.    **No General Jurisdiction Over All Defendants**

Plaintiffs do not allege general jurisdiction over the Defendants in the Amended Complaint. ECF No. 18, ¶ 40. Accordingly, Plaintiffs have failed to meet their burden of establishing a *prima facie* case of personal jurisdiction over the Defendants. *Schwarzenegger*,

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

374 F.3d at 800. Even had Plaintiffs alleged general jurisdiction, they would still fail to meet the high burden of showing general jurisdiction because none of the Defendants have "affiliations with the State [that] are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 761 (2014) (interpreting general jurisdiction as requiring a defendant to have such continuous contacts such as being incorporated in the forum state or having its principal place of business in the forum state).

**B.    No Specific Personal Jurisdiction Over All Defendants Except FBA Stores**

FBA Stores is the only Defendant over which this Court can arguably exercise specific personal jurisdiction. None of the other Defendants have the required minimum contacts with Washington to justify the exercise of personal jurisdiction over those Defendants.

Over more than a hundred pages in the Amended Complaint, Plaintiffs fail to attribute any alleged acts or any specific contacts to OALC, FBA Distributors, FBA Advantage, or AWS, LLC. Accordingly, Plaintiffs have failed to establish a *prima facie* case of minimum contacts for these Defendants. The presence of these extraneous entities in this lawsuit is unnecessary and improper because these Defendants simply had no involvement in the alleged acts and lack minimum contacts with Washington.

**1.    No Personal Jurisdiction Over Online Auction Learning Center (OALC)**

OALC has had no contacts with Washington. Adam Decl., ¶ 6; Chris Decl., ¶ 6. It operated from about 2009 to 2013, when it shut down operations. *Id.* OALC may have had contacts with Washington prior to 2013, but these contacts have attenuated by the passage of time. It is established that a party cannot be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475. Because OALC has not had any contacts with Washington state since at least 2013 (if ever), Plaintiffs cannot make out a *prima facie* case of minimum contacts or purposeful direction by OALC.

The only jurisdictional assertion made by the Plaintiffs is the act of sending advertising materials into Washington. OALC did not send any advertisements because it closed in 2013. Adam Decl., ¶ 6; Chris Decl., ¶ 6. As the Amended Complaint alleges only purported infringing workshops, seminar materials and advertisements from 2017, Plaintiffs have failed to make any connection between OALC and their infringement claims.[3] Even if OALC had contacts with Washington between 2009 and 2013, those contacts are too attenuated to support personal jurisdiction. In sum, Plaintiffs have failed to establish that OALC had any contacts with Washington.

### 2. No Personal Jurisdiction Over FBA Distributors, LLC

Plaintiffs alleged acts occurred in 2017, *after* FBA Distributors stopped selling products to FBA Stores' clients. FBA Distributors was in the business of selling and distributing wholesale products to FBA Stores' clients, who sold them on Amazon.com. FBA Distributors stopped performing this function in late 2016. FBA Distributors has no website, does no marketing, and has no office or employees in Washington. FBA Distributors is based in Weymouth, Massachusetts and does no business in Washington. No jurisdiction exists over FBA Distributors because it has not had contacts with Washington and took no part in the alleged activities.

### 3. No Personal Jurisdiction Over FBA Advantage, LLC

FBA Advantage has no website, does no marketing, and ceased operations in mid-2017. FBA Advantage was formed by an FBA Stores employee, Ronald Dunn, to provide a service to FBA clients. FBA Advantage would agree to accept products returned to a student seller so that the student would not have to deal with the associated logistical issues. FBA Advantage would either destroy, re-sell, or repurpose the returned product. Chris Bowser, Adam Bowser, and FBA Stores had no ownership interest in or control over FBA Advantage.

---

[3] Plaintiffs' Amended Complaint contains a multitude of vague assertions regarding events that may or may not have occurred but Plaintiffs do not specify the time period they are referring to. Plaintiffs' specific examples of alleged acts are all during 2017 and not before.

DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-RSL) - 10

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Even when operating, FBA Advantage had no connection to the alleged acts. FBA Advantage had no connection to the alleged acts because it never held or sponsored seminars or workshops and never created or distributed advertising or marketing materials. No personal jurisdiction exists over FBA Advantage because it has had no contacts with Washington and no connection to Plaintiffs' claims.

### 4. No Personal Jurisdiction Over AWS, LLC

AWS, LLC has never been operational. By this fact alone, it cannot be subject to personal jurisdiction in Washington. AWS, LLC has no contacts with Washington and no involvement in the alleged acts. The initials "AWS" do appear on some FBA Stores' marketing materials but this is referring to FBA Stores d/b/a AWS, not the separate entity AWS, LLC. As explained above, FBA Stores operated as a d/b/a called AWS. Workshops were advertised as "AWS Workshops" without any reference to FBA Stores, even though the entity was actually FBA Stores. Any purported "contacts" or "involvement" by AWS with actions taken by FBA Stores are attributable to FBA Stores—not AWS, LLC.

Plaintiffs make no argument specific to AWS, LLC, and instead lump all Defendants together to assign responsibility for the alleged acts. There is no evidence to support this assertion, however. Plaintiffs cannot establish that AWS, LLC had any contacts with Washington, nor that AWS, LLC had any connection to the alleged acts.

### C. No Personal Jurisdiction Over Adam and Chris Bowser

Plaintiffs' allegations in the Amended Complaint fail to establish a *prima facie* case of jurisdiction over Adam and Chris Bowser. In analyzing personal jurisdiction over an individual, even an officer of a company, the individual's contacts with the forum state are judged separately from the company's contacts. *See Calder*, 465 U.S. at 790. Plaintiffs elaborate extensively in the Amended Complaint (with inappropriate invective) about their view of the Bowsers' character. What the Plaintiffs fail to state is any specific fact that supports a finding of minimum contacts by Adam or Chris with the state of Washington.

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

When a plaintiff's bare allegations are challenged, the plaintiff must "produce[] admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction." *Ralls v. Facebook*, 221 F. Supp. 3d. 1237 (W.D. Wash. 2016) (citing *Microsoft Corp. v. Mountain W. Computs., Inc.*, No. C14-1772RSM, 2015 U.S. Dist. LEXIS 95663, at \*3 (W.D. Wash. July 22, 2015)). Plaintiffs have no such evidence because it does not exist.

### 1.  No Purposeful Direction by Adam or Chris

Plaintiffs' sole basis for specific personal jurisdiction over Adam and Chris is that "Chris and Adam Bowser each authorized and signed marketing materials sent to Washington residents" which allegedly infringed Amazon's trademarks. ECF No. 18, ¶ 40. These materials, however, were mailed by FBA Stores to Washington—not Adam or Chris. Therefore, this contact is attributable to FBA Stores, not Adam or Chris as individuals. FBA Stores' contact cannot be imputed to Adam and Chris. Because the only alleged contact cannot be imputed to Adam or Chris as individuals, the Court should decline to exercise jurisdiction over Adam and Chris.[4]

Although Adam and Chris have visited Washington on behalf of FBA Stores, those contacts happened prior to the alleged acts and are therefore too attenuated to establish jurisdiction. The only contact in the relevant time period by Adam and Chris was their visit to Seattle to meet with Amazon. This contact, however, cannot be considered for jurisdictional purposes because it was induced by the Plaintiffs. *Key Tronic*, 2016 U.S. Dist. LEXIS, at \*23-24; *Adobe Sys.*, 2012 U.S. Dist. LEXIS, at \*15.

### 2.  It Would Be Unreasonable to Exercise Jurisdiction Over Adam and Chris Bowser

Even if Adam's and Chris' contacts with Washington are minimum contacts sufficient to assert personal jurisdiction, that assertion would be unreasonable. Forcing Adam and Chris to defend a lawsuit in Washington and travel an innumerable amount of times between Washington

---

[4] To the extent this Court is inclined to allow the Plaintiffs to amend their complaint to meet their *prima facie* burden following jurisdictional discovery (discovery to which Defendants are voluntarily agreeing) Plaintiffs will still be unable to meet their burden because neither Adam nor Chris have minimum contacts with Washington.

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 12

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

and New York or Boston would be "gravely difficult and inconvenient" because they would be placed at a "'severe disadvantage' in comparison to [Plaintiffs]." *Burger King*, 471 U.S. at 478.

In evaluating whether the exercise of jurisdiction over a defendant is unreasonable, a court weighs seven factors. *Dole Food Co.*, 303 F.3d at 1111. First, the Court evaluates the extent of the defendant's purposeful injection into the forum state's affairs. Here, Adam and Chris have not purposefully injected themselves, as individuals, into the affairs of Washington. Adam and Chris had no contact with Washington during 2017, other than a visit induced by Plaintiffs. Even if the sending of advertising materials to Washington by FBA Stores is considered purposeful direction by Adam and Chris individually, which Defendants dispute, that one act is insufficient to render jurisdiction reasonable.

Second, a court looks at the burden on the defendant of defending in the forum. It would be extremely burdensome, time-consuming and costly to require Adam and Chris to personally defend themselves in Washington. They would be required to travel across the country for every hearing, motion, or conference related to the case. They would be unable to operate their business, which perhaps is Plaintiffs' intent.

Third, whether there is a conflict between the sovereignty of defendant's state and the forum is considered. This factor appears to be neutral, as either forum is sufficiently capable of applying the appropriate law with no intrusion into sovereignty.

The fourth factor considered is the forum state's interest in adjudicating the dispute. Washington has an interest in adjudicating the dispute, but Amazon is a global company and Defendants are not. Amazon has properties in many other states, including in New York and Massachusetts—the home states of Chris and Adam. Massachusetts also has an interest in adjudicating this dispute as it relates to a private citizen and company citizen of its state. Arguably, Massachusetts' interest outweighs the interest of Washington because Amazon's ubiquitous presence in all states in this country lessens the relevance of Washington as a forum state.

DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-RSL) - 13

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

FTC-002269

1   Fifth, the most efficient judicial resolution of the controversy is evaluated. This factor

2   would appear to be neutral because either state, Washington or Massachusetts, is capable of

3   dealing efficiently with this dispute in a timely manner.

4   The sixth factor is the importance of the forum to the plaintiff's interest in convenient and

5   effective relief. This factor is also neutral because there is no indication that a Massachusetts

6   federal court will apply federal trademark law any differently or inequitably than a Washington

7   federal court.

8   Seventh, whether an alternative forum exists is weighed. Here, Massachusetts is an

9   alternative forum which supports restraint in exercising jurisdiction. Overall, the weighing of

10  these factors makes the exercise of jurisdiction over Adam and Chris unreasonable.

11  **D.      A Transfer of Venue Is Appropriate in the Alternative**

12  Even if a Court determines that jurisdiction over the Defendants is proper, it may still

13  transfer the case, in the interests of justice, to any other district or division where it might have

14  been brought for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). Justice would be

15  served here by transferring this case to the District of Massachusetts.

16  This case could have been brought in the District of Massachusetts because that court can

17  reasonably exert personal jurisdiction over all of the Defendants in this case. Plaintiffs would

18  also be subject to personal jurisdiction in Massachusetts because Amazon operates several

19  distribution sites and/or warehouses in Massachusetts,[5] in addition to selling products and

20  services to innumerable residents of Massachusetts.

21  A determination to transfer venue involves the consideration of eight factors. *Jones,* 211

22  F.3d at 498-99. The first factor is the plaintiff's choice of forum. This factor weighs against

23  transfer because some case-related contacts occurred in Washington. *See Pac. Car & Foundry*

24  *Co. v. Pence,* 403 F.2d 949, 954 (9th Cir. 1968). However, many other case-related contacts have

25

26  _____

[5] Including locations at North Reading, Dedham, Hudson, Westborough, Cambridge, and
Stoughton. https://www.amazon.com/p/feature/nsog9ct4onemec9#MA.

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 14

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

occurred in Massachusetts, such as the formation and operation of FBA Stores, the creation of the allegedly infringing advertising materials, and the operations of FBA Stores' business with student sellers on Amazon. *See generally*, Adam Decl. and Chris Decl. This consideration lessens the weight of Plaintiffs' choice of forum.

The second factor considered is the convenience of the parties, including their relative ability to afford the expenses of litigating in the forum state. *Adobe Sys.*, 2012 U.S. Dist. LEXIS 123159 at *25. The Plaintiffs' resources vastly outweigh the resources of Defendants and Plaintiffs cannot show that litigating in Massachusetts will be a burden. Litigating in Washington, however, will be extremely expensive and burdensome for the Defendants. To the extent that Defendants' employees will be witnesses in the case, the overall costs of the litigation will be reduced because "[l]itigation costs decrease 'when [the] venue is located near the most witnesses expected to testify.'" *Stanbury Elec. Eng'g, LLC v. Energy Prods., Inc.,* No. C16-0362JLR, 2016 U.S. Dist. LEXIS 77479, at *20 (W.D. Wash. June 13, 2016).

The third and most important factor is the convenience of non-party witnesses. Plaintiffs have presented exhibits that show that FBA Stores' allegedly infringing workshops and seminars have taken place all over the country. To the extent that Plaintiffs will require evidence from non-party witnesses who have attended an FBA Stores workshop, those witnesses likely exist in many different states. Defendants, on the other hand, have many independent contractors (individuals who have given seminars) that live in Massachusetts from whom Plaintiffs may want evidence. These witnesses are outside the subpoena power of this court and it would be an extreme inconvenience to be required to travel to Washington for this case. These witnesses almost undoubtedly would refuse to travel to Washington in the absence of compulsory process, especially in light of Plaintiffs' desire to add another "20 Does" to this case.

All FBA Stores' employees are located in Massachusetts and would be greatly inconvenienced were they required to travel to Washington. Adam Decl., ¶ 9. FBA Stores employees have relevant evidence regarding the operations of the business, evidence to support

DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-RSL) - 15

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Defendants' affirmative defenses, and evidence regarding creation of allegedly infringing advertising material and presentations.

The fourth factor considers the ease of access to relevant evidence. Here, the vast majority of relevant evidence on Plaintiffs' claims is in the possession and location of the Defendants—Massachusetts. This factor weighs in favor of transfer because the bulk of the relevant evidence usually comes from the accused infringer. *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (discussing copyright infringement but the same principle applies to trademark infringement cases). Thus this factor weighs in favor of transfer.

The remaining factors—which forum's law applies and administrative considerations are neutral because the applicable law is federal trademark law, no state's interest is paramount, and no administrative hurdles exist to litigate in either forum. Because only the Plaintiffs' choice of forum weighs against transfer, but the remaining factors are either neutral or in favor of transfer, the overall balancing of the *Jones* factors warrants transfer to the District of Massachusetts.

### E.   The Complaint Fails to State a Claim Against Defendants

Defendants move to dismiss all claims against all Defendants except FBA Stores for failure to state a claim upon which relief can be granted. Defendants also move to dismiss Count III against all Defendants for a failure to state a claim because Plaintiffs have failed to plead the elements of a false advertising claim.

### 1.   Claims Against Adam and Chris Bowser, OALC, FBA Distributors, FBA Advantage, and AWS, LLC Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)

Plaintiffs assert claims of trademark infringement, false designation of origin, false advertising, dilution and tarnishment of a famous mark and tortious interference against all Defendants, even though it is clear that only FBA Stores could have performed the alleged acts. Plaintiffs' Amended Complaint is wholly devoid of any facts to show that any party, except FBA Stores, (1) sent out advertising materials that allegedly infringe Plaintiffs' trademarks, (2) conducted seminars and workshops that made allegedly false associations with Plaintiffs, (3)

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 16

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

provided allegedly false descriptions of products to Amazon storefront sellers, (4) allegedly instructed individuals to create multiple seller accounts, or (5) allegedly misrepresented product descriptions. Additionally, Plaintiffs have failed to identify any factual basis for their assertion that Adam and Chris "each have authorized, directed, and/or personally participated in" the alleged acts. Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### 2. Count III Fails to State a Claim for False Advertising

All Defendants move to dismiss Count III for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have failed to adequately plead a claim for false advertising against the Defendants.

Plaintiffs' claims of false advertising and false representation fail because Plaintiffs lack standing to make these claims. To establish standing to bring a false advertising claim, a plaintiff must show (1) an injury to a commercial interest in sales or business reputation, (2) that is proximately caused by defendant's misrepresentations. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, __ U.S. __, 134 S. Ct. 1377, 1395 (2014). Plaintiffs' claims fail to establish causation between allegedly false statements and commercial injury because the chain of causation is broken by the intervening presence of the Amazon storefront seller. There must be "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). Plaintiffs cannot show any direct relationship between Defendants' alleged actions and their alleged injury because Defendants did not place the allegedly false statements (either about products or reviews) on the Amazon storefronts. The Amazon storefront sellers are the ones who made the allegedly false statements, not Defendants, because they are the ones responsible for placing the content on their storefronts, including submitting product descriptions and reviews. Plaintiffs' claim fails to establish causation because Plaintiffs' harm is entirely contingent on the actions/alleged harm of the Amazon storefront sellers. *Id.* at 271.

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiffs cannot establish that Defendants are responsible for the creation of multiple seller accounts, especially since Amazon employees themselves have instructed storefront sellers to do this. *See* Exhibits 5-7. Especially tenuous is any claim that Defendants are the ones that placed a misleading description of wholesale products on any Amazon storefront. No direct link exists because the "inaccurate" descriptions could have been caused by the manufacturer of the product or by the Amazon seller itself.

A claim for false advertising under Section 43 of the Lanham Act requires (1) a statement made by the defendant in an advertisement that is false or misleading, (2) that "it actually deceives or has the tendency to deceive a substantial segment of its audience," (3) that it is "likely to influence purchasing decisions," and (4) that the "plaintiff has been or is likely to be injured by the false advertisement." *Luxul Tech., Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1172 (N.D. Cal. 2015). Plaintiffs have failed to establish the first element because they have no evidence that the Defendants made the allegedly false statements. As Plaintiffs recognize, all of the alleged misrepresentations were the result of some unrelated individual's actions. Plaintiffs' conclusory allegations and unwarranted inferences of Defendants' involvement cannot defeat a motion to dismiss. *Adams,* 355 F.3d at 1183.

## IV.   CONCLUSION

For the reasons discussed above, Defendants respectfully request that this Court grant this motion and dismiss Adam Bowser, Chris Bowser, OALC, FBA Distributors, FBA Advantage, and AWS, LLC from this case. Defendants also respectfully request that Count III be dismissed with prejudice against all Defendants for failure to state a claim. In the alternative, Defendants respectfully request that this case be transferred to the United States District Court for the District of Massachusetts.

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 18

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

FTC-002274

1   DATED this 9th day of February, 2018.

2                                              BYRNES KELLER CROMWELL LLP

3

4                                              By /s/ Bradley S. Keller
                                                   Bradley S. Keller, WSBA #10665
5                                              By /s/ Keith D. Petrak
                                                   Keith D. Petrak, WSBA #19159
6                                                  1000 Second Avenue, 38th Floor
                                                   Seattle, Washington 98104
7                                                  Phone:  (206) 622-2000
                                                   Fax:      (206) 622-2522
8                                                  bkeller@byrneskeller.com
                                                   kpetrak@byrneskeller.com
9

10                                             CONLEY ROSE, P.C.

11

12                                             By /s/ Darlene Ghavimi
                                                   Darlene Ghavimi (*pro hac vice*)
13                                                 13413 Galleria Circle, Bldg. Q, Suite 100
                                                   Austin, TX 78738
14                                                 Phone:  (512) 610-3410
                                                   Fax:      (512) 610-3456
15                                                 dghavimi@conleyrose.com
16

17                                             By /s/ Charles Rogers
                                                   Charles Rogers (*pro hac vice*)
18                                                 CONLEY ROSE, P.C.
                                                   1001 McKinney Street, Suite 1800
19                                                 Houston, Texas 77002
                                                   Phone:  (713) 238-8049
20                                                 Fax:      (713) 238-8008
                                                   crogers@conleyrose.com
21

22                                             *Attorneys for Defendants*

23

24

25

26

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 19

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1

**CERTIFICATE OF SERVICE**

2

    The undersigned attorney certifies that on the 9th day of February, 2018, I electronically

3

filed the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to all counsel on record in the matter.

4

5

6
                    /s/ Keith D. Petrak
                    Byrnes Keller Cromwell LLP

7
                    1000 Second Avenue, 38th Floor
                    Seattle, WA  98104

8
                    Telephone:  (206) 622-2000
                    Facsimile:  (206) 622-2522

9
                    kpetrak@byrneskeller.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 20

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

FTC-002276

**Px. 87    Adam Bowser's Declaration in Support of Motion to Dismiss or in the Alternative, to Transfer Venue Filed in Amazon.com Inc. v. FBA Stores, LLC et al., No. 2:17cv1830 (W.D. Wash. filed Dec. 6, 2017)**

1

The Honorable Robert S. Lasnik

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

4

5

6

AMAZON.COM, INC., a Delaware corporation,
AMAZON TECHNOLOGIES, INC., a Nevada
corporation, and AMAZON SERVICES, LLC, a
Nevada limited liability company,

NO. 2:17-cv-01830-RSL

7

8

Plaintiffs,

v.

DECLARATION OF ADAM BOWSER IN
SUPPORT OF DEFENDANTS' MOTION
TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE

9

10

11

12

13

FBA STORES, LLC, a limited liability
company; FBA DISTRIBUTORS, LLC, a
limited liability company; FBA ADVANTAGE,
LLC, a limited liability company; AWS, LLC, a
limited liability company; ONLINE AUCTION
LEARNING CENTER, INC., a corporation;
CHRISTOPHER BOWSER, an individual;
ADAM BOWSER, an individual; and DOE
Companies 1-20,

NOTE ON MOTION CALENDAR:
APRIL 13, 2018

**ORAL ARGUMENT REQUESTED**

14

Defendants.

15

### DECLARATION OF ADAM BOWSER

16

I, Adam Bowser, declare as follows:

17

    1.    I am a member of FBA Stores, LLC. I am also a manager of the company.

18

    2.    I live and work in Weymouth, Massachusetts.

19

*Contacts With Washington*

20

    3.    I do not own any property in Washington and I do not have any bank accounts,

21

tax liability, residences, employees, or offices in Washington.

22

    4.    I have visited Washington three times. I visited once in 2015 to teach a workshop.

23

I visited once in 2016 also to teach a workshop. The third time I visited Washington was in 2017,

24

at the request of an Amazon employee, Forrest Moore.

25

    5.    The 2017 visit with Forrest Moore, an Amazon business manager, was for the

26

purpose of discussing a business relationship between FBA Stores and Amazon.

DECLARATION OF ADAM BOWSER IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

PLAINTIFF'S
EXHIBIT

87

*Defendant Companies*

6.    Chris Bowser ("Chris") and I started Online Auction Learning Center, Inc. ("OALC") in 2009. OALC stopped doing business in 2013 and operated as Online Auction Learning Center d/b/a FBA Stores until 2016.

7.    FBA Stores, LLC was formed in 2016. FBA stands for Fulfillment by Adam.

8.    FBA Stores holds workshops nationwide to educate people about selling products online, such as through Amazon.com. FBA Stores also offers consulting services to assist their clients set up and run storefronts on Amazon.com or other e-commerce sites. FBA Stores also offers a service whereby FBA Stores will purchase a product, label it, and ship it to an Amazon Fulfillment center on behalf of an FBA Stores client.

9.    FBA Stores is headquartered in Weymouth, Massachusetts and has approximately 100 full time employees and contractors. Almost all of its employees live in Massachusetts and the independent contractors are scattered across the country.

10.    FBA Stores, d/b/a AWS, held approximately nineteen workshops in the state of Washington during 2017. FBA Stores typically mails out approximately 30,000 to 40,000 flyers for each workshop.  None of the 2017 events, however, were taught by or attended by myself or Chris.

11.    FBA Stores has no offices, no property, no bank accounts, and no employees located in the state of Washington.

12.    FBA Distributors, LLC ("FBA Distributors") is headquartered in Weymouth, Massachusetts. Chris and I are managers of the company.

13.    Prior to the end of 2016, FBA Distributors resold and distributed wholesale products to FBA Stores clients who had Amazon.com storefronts. FBA Distributors stopped providing this service to its clients at the end of 2016.

DECLARATION OF ADAM BOWSER IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

14.     FBA Distributors has no website, does no marketing, and is not doing any business in Washington. FBA Distributors has had no contacts with Washington and has no connection to the acts alleged by Plaintiffs.

15.     FBA Advantage, LLC ("FBA Advantage") was created and was operated by Ronald Dunn. Ronald Dunn is an employee of FBA Stores.

16.     Neither myself nor Chris had any involvement with FBA Advantage.

17.     FBA Advantage was created to provide a service to FBA clients whereby FBA Advantage would accept returned products on behalf of a client seller and handle the associated logistical issues. FBA Advantage would destroy, re-sell, or repurpose the returned product.

18.     FBA Advantage has no website, does no marketing, and ceased operations in mid-2017. FBA Advantage never held or sponsored seminars and workshops, never had marketing or advertising materials, and had no connection to any product descriptions or product reviews. FBA Advantage has no contacts with Washington and has no connection to the acts alleged by Plaintiffs.

19.     AWS, LLC was created in mid-2017. I am the manager of AWS, LLC.

20.     AWS, LLC never started operation and has not engaged in business in Washington.

21.     AWS, LLC never held or sponsored seminars and workshops, never had marketing or advertising materials, and had no connection to any product descriptions or product reviews.  AWS, LLC has no contacts with Washington and has no connection to the acts alleged by Plaintiffs.

*Business Relationship With Amazon*

22.     In February 2017, Amazon initiated contact with FBA Stores by calling FBA Stores and expressing interest in establishing a business relationship.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

FTC-002280

23.    Amazon was interested in being connected to FBA Stores' students that have set up new seller accounts on Amazon and wanted to know about their level of business acumen and experience.

24.    Amazon frequently assisted FBA Stores' students, through FBA Stores communications, to ungate these students. Ungating is the process of permitting a seller to sell products in a restricted category or from a restricted brand.

25.    Amazon also frequently assisted FBA Stores' students when their seller accounts were suspended or disabled.

26.    Amazon would repeatedly instruct these students to create a second account either under a business name or with a business partner, as long as the new account had different names, address, credit card, bank account and a different IP address.

27.    FBA Stores worked with Jamie Kenningham, Nolan Felarca, and Forrest Moore at Amazon.

28.    These three employees represented to FBA Stores that senior management was aware of and approved of the business relationship with FBA Stores.

29.    Forrest Moore abruptly ended the relationship with FBA Stores on November 29, 2017.

I declare under the penalty of perjury that the foregoing is true and correct.

DATE: 2-7-18

Adam Bowser

DECLARATION OF ADAM BOWSER IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 3

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2

## CERTIFICATE OF SERVICE

3         The undersigned attorney certifies that on the 9th day of February, 2018, I electronically

4   filed the foregoing with the Clerk of the Court using the CM/ECF system which will send

   notification of such filing to all counsel on record in the matter.

5
6
7                                         /s/ Keith D. Petrak
                                          Byrnes Keller Cromwell LLP
8                                         1000 Second Avenue, 38th Floor
                                          Seattle, WA  98104
9                                         Telephone:  (206) 622-2000
                                          Facsimile:  (206) 622-2522
10                                        kpetrak@byrneskeller.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DECLARATION OF ADAM BOWSER IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, AMAZON TECHNOLOGIES, INC., a Nevada corporation, and AMAZON SERVICES, LLC, a Nevada limited liability company,<br><br>                        Plaintiffs,<br><br>   v.<br><br>FBA STORES, LLC, a limited liability company; FBA DISTRIBUTORS, LLC, a limited liability company; FBA ADVANTAGE, LLC, a limited liability company; AWS, LLC, a limited liability company; ONLINE AUCTION LEARNING CENTER, INC., a corporation; CHRISTOPHER BOWSER, an individual; ADAM BOWSER, an individual; and DOE Companies 1-20,<br><br>                        Defendants. | NO. 2:17-cv-01830-RSL<br><br>EXHIBITS TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER VENUE<br><br>NOTE ON MOTION CALENDAR: APRIL 13, 2018<br><br>**ORAL ARGUMENT REQUESTED** |

## TABLE OF EXHIBITS

1. Email chain between FBA Stores employee and Adam and Chris Bowser, titled "Amazon Called" and dated February 22, 2017.

2. Email chain between Adam Bowser and Amazon employees, titled "New Students" and dated April 4, 2017.

3. Email chain between Adam Bowser and other FBA Stores employees, forwarding email with Amazon employee, titled "Student Evals" and dated April 26, 2017.

4. Email chain between Adam Bowser and Forrest Moore, Amazon employee, titled "FBA Stores Students" and dated July 17, 2017.

5. Email between FBA Stores employee and Forrest Moore, Amazon employee, titled "can you look at this case????" and dated November 16, 2017.

6. Email between FBA Stores employee and Forrest Moore, Amazon employee, titled "Hacked account we looked at last week" and dated August 29, 2017.

7. Email between FBA Stores employee and Forrest Moore, Amazon employee, titled "Fwd: Timeline of events" and dated September 13, 2017.

8. Email chain between Adam Bowser and Forrest Moore, Amazon employee, titled "Fwd: Call/Text Adam" and dated April 11, 2017.

BYRNES • KELLER • CROMWELL LLP

38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

9.  Email chain between Adam Bowser and Forrest Moore, Amazon employee, titled "Fwd: Sellers" and dated April 12, 2017.

10.  Email between FBA Stores employee and Forrest Moore, Amazon employee, titled "ungating / new clients etc" and dated September 18, 2017.

11.  Email between FBA Stores employee and Forrest Moore, Amazon employee, titled "Grocery approval request…" and dated November 19, 2017.

Pursuant to 28 U.S.C. § 1746, Adam Bowser declares as follows:

1)   I am a manager of FBA Stores, LLC. I make this declaration based on personal knowledge and could competently testify to the facts stated herein if called upon to do so.

2)   I am a custodian of the records of FBA Stores, LLC and am familiar with FBA Stores' business processes.  Business records are kept and maintained in the ordinary course of FBA Stores' business ("Records") including email correspondence with the company and among company employees. The Records are made and maintained by individuals who have knowledge of the events they record and are made at or near the time of the events. It is the regular practice of FBA Stores, LLC to keep and maintain email correspondence.

2)   Attached hereto as Exhibits 1-11 are true and correct copies of the materials described in the Exhibits List set forth above. Exhibits 1-11 are true and correct copies of Records kept in the ordinary course of business for FBA Stores, LLC.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed within the United States on February 7, 2018.

_____
Adam Bowser

BYRNES • KELLER • CROMWELL LLP

38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

EXHIBITS TO DEFENDANTS' MOTION TO DISMISS OR IN
THE ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-
01830-RSL) - 2

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 8 of 57

# EXHIBIT 1



Email Compliance <email-compliance@fbastores.com>

## [bcc copy] Amazon called
2 messages

**Amelia Bednark** <amelia.bednark@fbastores.com>                    Wed, Feb 22, 2017 at 1:15 PM
To: Adam Bowser <abowser11@gmail.com>, Chris Bowser <bowser44@gmail.com>

Hey Gents,


Nolan Felarca  ( 206 258 0732)
nolanfel@amazon.com


He's from Amazon and his job is to get people to sell on Amazon.  He said he's willing to work with us.  He can set up a
system where if sellers sign up with us, he (Amazon) can manage their accounts for free.

Mike Gaffney warned me this could be a bad thing and is going to look into it more for you ( also interested in having this
guy help with suspensions).



--
Amelia Bednark
Administrative Assistant
FBA Stores LLC
"Dedicated to Helping Your Online Business Thrive"
293 Libbey Industrial Pkwy, Suite 250
Weymouth, Ma 02189
1 800 554 8495

**Chris Bowser** <bowser44@gmail.com>                    Wed, Feb 22, 2017 at 1:23 PM
To: Amelia Bednark <amelia.bednark@fbastores.com>
Cc: Adam Bowser <abowser11@gmail.com>

Yea most likely a bad thing
[Quoted text hidden]
--
Chris Bowser
Co-Founder
FBAStores.com

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 10 of 57

# EXHIBIT 2

     **Email Compliance <email-compliance@fbastores.com>**

---

## [bcc copy] New Students
5 messages

---

**Adam Bowser** <abowser11@gmail.com>                                    Tue, Apr 4, 2017 at 12:33 PM
To: "Felarca, Nolan" <nolanfel@amazon.com>, "Kenningham, Jamie" <jak@amazon.com>
Cc: Treasa Oneil <treasa.oneil@fbastores.com>

Hey Guys,

Attached is a list of new students. I've attached Treasa Oneil in our accounting department who will be sending you these names every week and sometimes multiple times a week.

Let me know when you'd like to do a call next.

Adam

--
Adam Bowser
FBA Stores
293 Libbey Pkwy
Weymouth MA 02189
800-554-8495
www.fbastores.com

---

📄 **New Amazon Student 4-4.xlsx**
44K

---

**Adam Bowser** <abowser11@gmail.com>                                    Wed, Apr 5, 2017 at 6:04 AM
To: "Kenningham, Jamie" <jak@amazon.com>
Cc: Treasa Oneil <treasa.oneil@fbastores.com>, "Moore, Forrest" <moorefor@amazon.com>, "Felarca, Nolan" <nolanfel@amazon.com>

Anyday this week I'm free for a call.

Here's the process of how new students come on board and you can think about what we can implement to get them registered the way you want them.

First students go to a free workshop and get a startup kit that shows them how to setup their amazon account where some get setup within days. The time between when they get their starter kit and  attend the 3 day workshop is between 7-14 days. Once they attend the workshop we advise them on setting up their accounts if they haven't already. We don't know of the 100 people which ones are going to sign up for coaching and ongoing support. The students we've been sending you are the ones that sign up for coaching as they've showed us an invested interest in growing their business so if you'd like us to implement anything in our startup course or workshop training that shows them how to register the way you want them we can do that.

We can chat more on this whenever works for you guys,
Adam

On Tue, Apr 4, 2017 at 2:17 PM, Kenningham, Jamie <jak@amazon.com> wrote:

> Hi Adam,
>
>
> Thanks for sending these over, we shall reach out to these students asap!

FTC-002288

We look forward to this continued relationship with you. Our plan is to build you guys a bespoke landing page, where you can send your students to! Please allow me to do some developing on this and I'll report back.

In the meantime, we would like to invite these students via our own private invitation system. Are you able to send new students details over before they register? This will allow us to offer your students a higher degree of service from us.

Are you available on Friday for a call?

Warmest,

Jamie

JAMIE KENNINGHAM AMAZONBUSINESS

500 9th Ave N | Seattle, WA 98109

☎: (206) 435-3073 | ✉: jak@amazon.com

**amazon**business

**From:** Adam Bowser <abowser11@gmail.com>
**Date:** Tuesday, April 4, 2017 at 10:33 AM
**To:** Nolan Felarca <nolanfel@amazon.com>, "Kenningham, Jamie" <jak@amazon.com>
**Cc:** Treasa Oneil <treasa.oneil@fbastores.com>
**Subject:** New Students

[Quoted text hidden]
[Quoted text hidden]

---

**Treasa Oneil** <treasa.oneil@fbastores.com>                              Wed, Apr 5, 2017 at 9:05 AM
To: Adam Bowser <abowser11@gmail.com>

Are you going to go over this with me? Is it as simple as sending over a Monday sales report with new students?

Treasa O'Neil

Office Admin./Accounting
FBA Stores
293 Libbey Parkway, Suite 250
Weymouth, MA 02189
fbastores.com
1-800-554-8495  x1010
"Dedicated to Helping Your Business Thrive"
[Quoted text hidden]

---

**Adam Bowser** <abowser11@gmail.com>                              Thu, Apr 6, 2017 at 10:03 AM
To: Treasa Oneil <treasa.oneil@fbastores.com>

Yes let's meet about this when you have a second

[Quoted text hidden]

---

**Adam Bowser** <abowser11@gmail.com>                                                    Fri, Apr 14, 2017 at 11:10 AM
To: Treasa Oneil <treasa.oneil@fbastores.com>

---------- Forwarded message ----------
From: **Adam Bowser** <abowser11@gmail.com>
Date: Tue, Apr 4, 2017 at 1:33 PM
Subject: New Students
To: "Felarca, Nolan" <nolanfel@amazon.com>, "Kenningham, Jamie" <jak@amazon.com>
Cc: Treasa Oneil <treasa.oneil@fbastores.com>

[Quoted text hidden]
[Quoted text hidden]

---

📄 **New Amazon Student 4-4.xlsx**
   44K

FTC-002290

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 14 of 57

# EXHIBIT 3

 **FBASTORES**
Fulfillment By Amazon

Email Compliance <email-compliance@fbastores.com>

---

## [bcc copy] Student Evals
2 messages

---

**Treasa Oneil** <treasa.oneil@fbastores.com>                          Wed, Apr 26, 2017 at 1:50 PM
To: Adam Bowser <abowser11@gmail.com>

Treasa O'Neil

Office Admin./Accounting
FBA Stores
293 Libbey Parkway, Suite 250
Weymouth, MA 02189
fbastores.com
1-800-554-8495  x1010
"Dedicated to Helping Your Business Thrive"

---

**Student Evaluation's 4-23.tif**
4381K

---

**Adam Bowser** <abowser11@gmail.com>                          Tue, May 2, 2017 at 8:39 AM
To: Nikunj Agarwal <nikunj.agarwal@fbastores.com>, Chris Bowser <bowser44@gmail.com>

---------- Forwarded message ----------
From: **Adam Bowser** <abowser11@gmail.com>
Date: Tue, May 2, 2017 at 7:01 AM
Subject: Re: [bcc copy] Student Evals
To: "Moore, Forrest" <moorefor@amazon.com>

Forrest,

Thanks for the feedback on the Siddha. I knew it wasn't in line with what you are in charge of but we had built this out right before we got connected with you. We are all for testing any products you recommend or see doing well in the marketplace just let me know when you get the go ahead to send those to us. A few answers to your questions are...

I'll continue to provide you with students evaluation forms and you can decide who you'd like to contact.

Couple things we need immediate help with is "Ungating" & Brand Restrictions. What system can we setup for you to help us with this? Whatever you can do to help and system we can work together on will be fabulous. We're running into SOO many deals that are Brand Restricted that we don't buy because our sellers can't sell them. The deals are from some great suppliers too so whatever we can do to get that going. It's also sometimes taking us 45+ days to get people ungated in categories so wherever you can help out with that.

Let me know if you'd like to jump on a call to go over anything.

FTC-002292

On Mon, May 1, 2017 at 7:38 PM, Moore, Forrest <moorefor@amazon.com> wrote:

> Hi Adam,
>
>
> I like the idea of those Siddha products!  I imagine they might sell well.  Honestly I can see my wife buying those
> sorts of products. That said they are much further from business relevant than some of the others that you sell
> which isn't a problem per se but it also doesn't really build a case from why my team should be working with
> yours.  I am hoping to get clarity this week on what information I am allowed to share with you for you to consider
> when sourcing new products.   I recognize that you may not want to source the products we are most interested
> but My goal is to get to a point where I can at least tell you what we see as priorities, so that you can take that into
> account.
>
>
> In the meantime, I have been given permission to make contact with some of your students again, as long as they
> currently own a business or have significant business experience, I can become their internal point of contact.  So, if
> you continue to ask students to complete that questionnaire, any that show that they have a current business or
> significant experience running a business I'd like to chat with them.  My first preference would be that you just
> forward the questionnaires and then I can let you know which ones we are going to contact based on the
> responses.  Please let me know if that works for you and if you see value from it.
>
>
> What else are you hoping for from us?  Is there anything else that you want or need help with?
>
>
> Thanks!
>
>
>
>
> **Forrest Moore**
>
> **Business Development Manager | Amazon Business**
> Ph: 206.740.2765
>
> **amazon**business
>
>
> Click here for <u>Amazon Business Features Webinar</u>
>
> Click here for <u>Seller Support</u>
>
> Click here for <u>Seller University</u>
>
>
> **From:** Adam Bowser [mailto:abowser11@gmail.com]
> **Sent:** Wednesday, April 26, 2017 12:48 PM

**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** Fwd: [bcc copy] Student Evals

Forrest,

Attached is some student evaluation forms.

--

Adam Bowser

FBA Stores

293 Libbey Pkwy

Weymouth MA 02189

800-554-8495

www.fbastores.com

--
Adam Bowser
FBA Stores
293 Libbey Pkwy
Weymouth MA 02189
800-554-8495
www.fbastores.com

--
Adam Bowser
FBA Stores
293 Libbey Pkwy
Weymouth MA 02189
800-554-8495
www.fbastores.com

FTC-002294

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 18 of 57

# EXHIBIT 4

 **FBA STORES** Fulfillment By Amazon

Email Compliance <email-compliance@fbastores.com>

---

## RE: "[UNVERIFIED SENDER]FBA Stores Students
3 messages

---

**Moore, Forrest** <moorefor@amazon.com>                                    Mon, Jul 17, 2017 at 6:35 PM
To: chris marquardt <chris.marquardt@fbastores.com>
Cc: Adam Bowser <abowser11@gmail.com>

Hi Chris,


Thank you!  This is great information.  What I am looking for, primarily, is sellers who want help better understanding selling on Amazon in General, and selling to Businesses on Amazon in specific.  I'd like to be in a position to teach them about feature usage and to give them insight into how Amazon sees their best opportunities for growth.  And to be clear I need them to be very recently launched (registered but products not yet live) or not yet launched sellers.


Where you have the kind of information that you have provided, I value it!  But that sort of data is less important than knowing that a prospective seller is eager, or at least open to receive coaching at or before their launch.  I'll begin working with World Wide ecommerce from this list as they have not quite yet launched.


Thank you very much!


**Forrest Moore**

**Business Development Lead | Amazon Business**
Ph: 206.740.2765

**amazon**business

Click here for Amazon Business Features Webinar

Click here for Seller Support

Click here for Seller University


**From:** chris marquardt [mailto:chris.marquardt@fbastores.com]
**Sent:** Monday, July 17, 2017 1:37 PM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** "[UNVERIFIED SENDER]FBA Stores Students


Hi Forrest,

---

I was asked to start providing you with some names of our students who are destined to do well/are already doing well selling on Amazon. I have attached a spreadsheet, some of the people I have more information on. Most of these people have already had some success with their sellers account and some have the capital and business experience where I would be shocked if they don't do well. Let me know if there is any additional information that you need on these people, and if any of this information is unnecessary I will leave it out next time. I will be sending you names weekly, please feel free to reach out to me with any questions that you might have.


Best,


**Chris Marquardt**

**Account Manager**

**FBA Stores**

**293 Libby Industrial Parkway Unit 250**

**Weymouth MA 02189**

800-554-8495

www.fbastores.com

---

**chris marquardt** <chris.marquardt@fbastores.com>                     Mon, Jul 17, 2017 at 6:54 PM
To: "Moore, Forrest" <moorefor@amazon.com>

Sounds good, I will get you a few more newer students tomorrow!

Best,

Chris
[Quoted text hidden]
--
[Quoted text hidden]

**amazon**business  Image001.jpg
8K

---

**chris marquardt** <chris.marquardt@fbastores.com>                     Mon, Dec 18, 2017 at 2:29 PM
To: Chris Bowser <bowser44@gmail.com>

**Chris Marquardt**
**Account Manager**
**FBA Stores**
**293 Libby Industrial Parkway Unit 250**
**Weymouth MA 02189**
800-554-8495
www.fbastores.com

[Quoted text hidden]

FTC-002297

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 21 of 57

# EXHIBIT 5



Email Compliance <email-compliance@fbastores.com>

---

## RE: "[UNVERIFIED SENDER]can you look at this case????
1 message

---

**Moore, Forrest <moorefor@amazon.com>**                    Thu, Nov 16, 2017 at 6:20 PM
To: Sean Rose <sean.rose@fbastores.com>

This is very challenging.  That account is related to an account from more than 10 years ago that got blocked.  I do not have sufficient permissions to see what went wrong with that account.  But it is that history that is preventing the new application from being accepted.  I do think you guys have a risk factor in your business in that when accounts get blocked in a hotel or other group location future students attempting to register at that location may get blocked. That is what she is saying she thinks happened here but that is not the case this time.

Because I can't see what went wrong in 2007 I can't help her appeal.  Not sure that I have useful advise other than to suggest she gets a business partner not related to her by last name, address, credit card, bank account, or IP, set up the account in that person's name might work.

**Forrest Moore** | Business Development Manager

**Amazon Business Marketplace**

moorefor@amazon.com | 206.740.2765

Learn more about Amazon Business and becoming a Seller, on LinkedIn and YouTube.



**From:** Sean Rose [mailto:sean.rose@fbastores.com]
**Sent:** Thursday, November 16, 2017 9:26 AM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** "[UNVERIFIED SENDER]can you look at this case????

Hello Forrest,

Could you take a look at this and see what you can do.  I spent a long time on the phone diagnosing the problems with her and thought we had addressed everything that could be hindering her.  Bottom line she's a student and seems to be on the up and up and IMO deserves to have her selling privileges restored.

Thanks

FTC-002299



Dear Sean,

Thank you for all your help. I am looking forward to selling on Amazon soon.


Dorothy Gorley




dorothygorley91@yahoo.com

Nov 11, 2017 11:39 AM

Account status question

Dear Amazon,

On Sept 22nd of this year I was taking a 3 day training coarse on learning how to set up our Amazon
Business. At the same time I was in a room with about 50 people all doing the same thing. I suspect that
many of the other people were using the hotel wifi like myself. Additionally I'm pretty sure this Amazon
seminar was held at this location before. I believe this was a major factor in my account being suspended.
Not fully understanding Amazon Policy I opened a second account in error. I do apologize. In attempt to
close one of the accounts it appears that the two were linked together. Or I would have shut it down
completely. Additionally I went through my account info and have made sure all addresses are the same as
the attached documents. I have attached Mine and my husband's Drivers licenses and a current utility bill.
In conclusion, we have read all of Amazon Policies and are 100% committed to following them and becoming
five star sellers that Amazon would be proud to have on their network.

Thank you
Michael & Dorothy Gorley



—

**Follow me on LinkedIn!**

**Sean Rose**
**Coach**
sean.rose@fbastores.com
Personal Office: 765-487-8077

**FBA Stores LLC**
**293 Libbey Industrial Pkwy, Suite 250**
**Weymouth, Ma, 02189**
**fbastores.com**
**"Dedicated to Helping Your Business Thrive"**
**NEW Coaching hotline number: 1-888-410-9697**

FTC-002300

**Massachusetts Headquarters: 1-800-554-8495.** Use the following extensions:

Ext. 1 - Customer Service - Upcoming events, logging into websites and general questions.

Ext. 2 - Bonus Product - Find out about your bonus product and status.

Ext. 3 - Coaching Hotline - Amazon related questions and support.

Ext. 4 - Wholesale and Product - Any purchases you would like to make or any purchases you have made. See whats coming in.

Ext. 5 - Accounting - Anything to do with payment for package. Call your product rep first.

Ext. 6 - Office Visits - Anything to do with office visits.

FTC-002301

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 25 of 57

# EXHIBIT 6

1/29/2018        Case 2:17-cv-01530-JCM - RE:"[UNVERIFIED SENDER]Hacked account we looked at last week

    Email Compliance <email-compliance@fbastores.com>

---

## RE: "[UNVERIFIED SENDER]Hacked account we looked at last week
2 messages

---

**Moore, Forrest <moorefor@amazon.com>**                                 Tue, Aug 29, 2017 at 12:19 PM
To: Sean Rose <sean.rose@fbastores.com>

Hey Sean,

This account has been completely terminated.  I can't even access it anymore.  So we should try to create a completely new account.  However there is another issue, and it is pretty serious.  It looks like in here her desperation she committed a serious infraction.  It appears that she added to her listing "BEFORE YOU ORDER CONTACT: ELECTRONICUSNEW at GMAIL com"  This is the sort of action that can get a seller permanently banned from Amazon.com

So I recommend that we try this:  I will send her an invitation.  She should reregister using an email address she has never used before.  If she has a business partner or spouse she may wish to consider setting it up in that person's name.  If she can use a different Credit card that she has never used with Amazon that would be best.  Same with banking info.  She might want to even be logged in from work or a friend's house when registering to avoid an IP match.

I recognize that the original issue was not her fault.  I recognize she was trying to avoid more fraud, but the result of the "diversion" with the Contact first line is she may not be able to Sell on Amazon again if a new registration is tied to that old account.

I will send to you a unique registration link that you can forward to her.  Just make sure she understands that she needs to use as much new unique information as possible in the registration.  If the new account does get blocked, I can appeal it since it will be created from my invitation.

Thanks,

Forrest Moore

**Business Development Lead | Amazon Business**
Ph: 206.740.2765

**amazon**business

---

FTC-002303

Click here for Amazon Business Features Webinar

Click here for Seller Support

Click here for Seller University

**From:** Sean Rose [mailto:sean.rose@fbastores.com]
**Sent:** Monday, August 28, 2017 1:06 PM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** "[UNVERIFIED SENDER]Hacked account we looked at last week

Hey Forrest,

The account we looked at last week got shut down this week.  Her case information is below.  I advised her that if she hasn't figured out how the hacker got in and your people haven't figured it out either then she should pull the inventory that is legit, shut the account down and start over.  I gave her instructions on how to do that.  However, I think she wants to take one more crack at keeping this account going.  What advice do you have?  Can you turn her account back on?

––––––– Forwarded message –––––––
**From:**  REDACTED
**Date:** Mon, Aug 28, 2017 at 3:58 PM
**Subject:** Re: Amazon blocked my account!
**To:** Sean Rose <sean.rose@fbastores.com>

Hi Sean,

This is my information.

REDACTED

Thank you a lot.

On Sun, Aug 27, 2017 at 9:08 PM, Sean Rose <sean.rose@fbastores.com> wrote:

> What is the email address that you use to log into your account with? What is the last case number you opened regarding this issue?

> Once I have this information I can send it up to my guy and he said he can get your account turned back on but if you have never found out where the hacker is coming in from my advice is still the same because I just don't know how much authority my connection has and because like we've talked about before and as you noted working with Amazon in this situation is extremely exhausting and frustrating.

> 1.  Remove the real inventory back to you.

> 2. shut down account when all inventory is back

3. put account into free mode during the duration

4. start a new account (instructions attached)  if you find the instructions not to your liking you can try and do it with your existing computer but no guarantees it will work and no guarantees that my guy will be able to override a 2nd suspension.

📄 Setting Up A 2nd Amazon Store Handout.docx

On Fri, Aug 25, 2017 at 6:46 PM, ███ REDACTED ███ > wrote:

Hi Sean, Amazon sent me this email today, I'm very disappointed with them, they are taking their time and did not even find a solution. I already reply to them, What  will I do now?

thank you.

REDACTED

"We reviewed your account and the information you provided, and we have decided that you may not sell on Amazon.com. Due to the nature of our business, we do not provide details on our investigation methods.

If we determine that a seller account was used to engage in fraud or other illegal activity, we may permanently withhold payments. Therefore, we do not plan to transfer any funds to you.

We may not respond to further emails about this issue.

Sincerely,

Seller Performance Team
Amazon.com
http://www.amazon.com"

--

REDACTED

Follow me on LinkedIn!

**Sean Rose**
**Coach**
sean.rose@fbastores.com
Personal Office: 765-487-8077

FBA Stores LLC
293 Libbey Industrial Pkwy, Suite 250
Weymouth, Ma, 02189
fbastores.com
"Dedicated to Helping Your Business Thrive"
**NEW Coaching hotline number: 1-888-410-9697**

Massachusetts Headquarters:  1-800-554-8495. Use the following extensions:

Ext. 1 - Customer Service - Upcoming events, logging into websites and general questions.

Ext. 2 - Bonus Product - Find out about your bonus product and status.

Ext. 3 - Coaching Hotline - Amazon related questions and support.

Ext. 4 - Wholesale and Product - Any purchases you would like to make or any purchases you have made. See whats coming in.

Ext. 5 - Accounting - Anything to do with payment for package. Call your product rep first.

Ext. 6 - Office Visits - Anything to do with office visits.

—

REDACTED

—

Follow me on LinkedIn!

**Sean Rose**
**Coach**

FTC-002306

sean.rose@fbastores.com
Personal Office: 765-487-8077

FBA Stores LLC
293 Libbey Industrial Pkwy, Suite 250
Weymouth, Ma, 02189
fbastores.com
"Dedicated to Helping Your Business Thrive"
**NEW Coaching hotline number: 1-888-410-9697**


**Massachusetts Headquarters:  1-800-554-8495. Use the following extensions:**

Ext. 1 - Customer Service - Upcoming events, logging into websites and general questions.

Ext. 2 - Bonus Product - Find out about your bonus product and status.

Ext. 3 - Coaching Hotline - Amazon related questions and support.

Ext. 4 - Wholesale and Product - Any purchases you would like to make or any purchases you have made. See whats coming in.

Ext. 5 - Accounting - Anything to do with payment for package. Call your product rep first.

Ext. 6 - Office Visits - Anything to do with office visits.

---

**Sean Rose** <sean.rose@fbastores.com>                                      Tue, Aug 29, 2017 at 5:01 PM
To: "Moore, Forrest" <moorefor@amazon.com>

Thanks a million I'll pass that along.  I never would have picked up on that email part.  So many rules.  Thanks again.
[Quoted text hidden]

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 31 of 57

# EXHIBIT 7



Email Compliance <email-compliance@fbastores.com>

## RE: "[UNVERIFIED SENDER]Fwd: Timeline of events
2 messages

**Moore, Forrest <moorefor@amazon.com>**                                     Wed, Sep 13, 2017 at 12:44 PM
To: Sean Rose <sean.rose@fbastores.com>

Hi Sean,

They're blocked because they are using an email address that is created on a free public email, that email has never had a buyer transaction on Amazon, the account was created on the same IP address as two other accounts created in the same town and both of which were blocked.  FYI, I would recommend that you guys recommend that your students do not use free email accounts to register their seller account unless that email is already associated with a buyer account that has transacted with us.

So for these guys, I'll push forward with an appeal.  I think we have a 50% chance of approval.  I'll let you know what I find out.

Thanks!

**Forrest Moore** | Business Development Manager

**Amazon Business Marketplace**

moorefor@amazon.com | 206.740.2765

Learn more about Amazon Business and becoming a Seller, on LinkedIn and YouTube.



**From:** Sean Rose [mailto:sean.rose@fbastores.com]
**Sent:** Tuesday, September 12, 2017 3:33 PM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** "[UNVERIFIED SENDER]Fwd: Timeline of events

Hello Forrest,


Can you help this client out?  They are one of Adams Diamond students that got their account shut down.  The first one happened while they were at one of Adam's training seminars and was supposedly caused by the store name being too close to another account that was suspended.  So then they talked to one of less experienced coaches and she gave them bad information about starting a 2nd store.   The 2nd store got shut down to.  They only want one store so just tell me which one you want them to close and I will instruct them on how to do it.


This client has $100,000 in credit lines to invest in inventory so anything you can do to help me out would be much appreciated.


- 3-Day training/conference (3/31 - 4/2) - Created REDACTED account. Pretty much immediately suspended. We were told - don't worry, your coach will help you get it unsuspended.  Below is a quick timeline of events along with the other information you usually ask me for.


Thanks for your help.


- Assigned a coach, too busy


- Assigned another coach


- Finally connected with her on 4/27


- We tried an appeal, didn't work - still suspended


- Opened REDACTED


- Suspended immediately for having 2 accounts


- Then we closed REDACTED


- Appealed the REDACTED didn't work - still suspended


- Tried Account Rescue, didn't work.


- Kept checking for a response in our email, never received one.  Coach didn't let us know where the responses would come to

- We have since realized the responses will be in the messages button in the seller account

For the first store - REDACTED

For the second try - REDACTED

I wanted to get you something right away, i will get you more dates tomorrow.

REDACTED

REDACTED

---

**Sean Rose <sean.rose@fbastores.com>**                                    Wed, Sep 13, 2017 at 4:23 PM
To: "Moore, Forrest" <moorefor@amazon.com>

This is good information.  I wonder if this was the same IP address from a hotel where a previous training was held.  I will pass this information along to our course conductors.

So should I have them create a purchasing account with the existing gmail account and buy something?  Or should  I have them go to go daddy and register a url and get a paid email address before I send up the appeal?

[Quoted text hidden]

FTC-002311

Follow me on LinkedIn!

**Sean Rose**
**Coach**
sean.rose@fbastores.com
Personal Office: 765-487-8077

FBA Stores LLC
293 Libbey Industrial Pkwy, Suite 250
Weymouth, Ma, 02189
fbastores.com
**"Dedicated to Helping Your Business Thrive"**
**NEW Coaching hotline number: 1-888-410-9697**

**Massachusetts Headquarters:  1-800-554-8495**. Use the following extensions:
Ext. 1 - Customer Service - Upcoming events, logging into websites and general questions.
Ext. 2 – Bonus Product - Find out about your bonus product and status.
Ext. 3 - Coaching Hotline - Amazon related questions and support.
Ext. 4 - Wholesale and Product - Any purchases you would like to make or any purchases you have made. See whats coming in.
Ext. 5 - Accounting - Anything to do with payment for package. Call your product rep first.
Ext. 6 - Office Visits - Anything to do with office visits.

FTC-002312

# EXHIBIT 8

 **FBASTORES**
Fulfillment By Amazon

                                                    Email Compliance <email-compliance@fbastores.com>

---

## [bcc copy] Fwd: Call/Text Adam
2 messages

---

**abowser11@gmail.com** <abowser11@gmail.com>                                    Tue, Apr 11, 2017 at 12:59 AM
To: Chris Bowser <bowser44@gmail.com>, Nikunj Agarwal <nikunj.agarwal@fbastores.com>

Adam

Begin forwarded message:

> **From:** "Moore, Forrest" <moorefor@amazon.com>
> **Date:** April 10, 2017 at 5:07:36 PM PDT
> **To:** "abowser11@gmail.com" <abowser11@gmail.com>
> **Subject: FW: Call/Text Adam**
>
> Hey Adam,
>
> I'm looking forward to speaking with you (and Chris and Nick) in person tomorrow. I have been asked by
> Senior Management to get a deeper understanding of who you are, how your business works, build a
> profile of what your successful students look like, what your failed students look like, and generally build a
> picture of what success looks like for Amazon - as well as failure - as Amazon works with your organization.
>
> To be clear, I have been asked to do this before we call or email more of your students. I am very happy we
> will get the chance to speak in person tomorrow and speak about this in detail.
>
> I am sure you have questions and concerns to address with me as well.
>
> Do you have a particular place you want to try while in the area? If not how about a preferred food style? I
> can pick something out.
>
> Thanks!
>
> Forrest Moore
> Business Development Manager | Amazon Business
> Ph: 206.740.2765
>
>
> Click here for Amazon Business Features Webinar
> Click here for Seller Support
> Click here for Seller University
>
>
> ——Original Message——
> **From:** Felarca, Nolan
> **Sent:** Monday, April 10, 2017 4:22 PM
> **To:** Moore, Forrest <moorefor@amazon.com>
> **Subject:** Call/Text Adam
>
> Forrest,
> Adam is wondering about lunch tomorrow. He is boarding his plane right now, so please email him bc he'll
> have wifi on plane
>
> ████████████ REDACTED ████████████
>
> Sent from my iPhone

Adam Bowser <abowser11@gmail.com>                                    Tue, Apr 11, 2017 at 10:22 AM
To: Chris Bowser <bowser44@gmail.com>, Nikunj Agarwal <nikunj.agarwal@fbastores.com>

———— Forwarded message ————
From: **Moore, Forrest** <moorefor@amazon.com>
Date: Tue, Apr 11, 2017 at 11:20 AM
Subject: RE: Call/Text Adam
To: Adam Bowser <abowser11@gmail.com>


Hey Adam,


How's this place look to you:

http://www.kikiramen.com

Kiki Ramen

2051 7th Ave

Seattle, Washington 98101


It just opened up and I have heard great things.  It is also right next to our main towers, so I can show you around a little bit.  I'm thinking we can chat for a couple of hours maybe 11-1 or so.  I can walk you around the main towers and get you a lay of the land and then pop in to Kiki or another place if the mood strikes.  Meet you out front of Kiki at 11?


Thanks,


**Forrest Moore**

**Business Development Manager | Amazon Business**
Ph: 206.740.2765

**amazon**business

Click here for Amazon Business Features Webinar

Click here for Seller Support

Click here for Seller University


**From:** Adam Bowser [mailto:abowser11@gmail.com]
**Sent:** Tuesday, April 11, 2017 7:52 AM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** Re: Call/Text Adam

And we like all types of food so whatever you suggest.


On Tue, Apr 11, 2017 at 2:15 AM, <abowser11@gmail.com> wrote:

Forrest,

Sounds great. What time would you like to meet as we are free the whole day so just let us know. You can call or text me at REDACTED too.

Adam

> On Apr 10, 2017, at 5:07 PM, Moore, Forrest <moorefor@amazon.com> wrote:
>
> Hey Adam,
>
> I'm looking forward to speaking with you (and Chris and Nick) in person tomorrow.  I have been asked by Senior Management to get a deeper understanding of who you are, how your business works, build a profile of what your successful students look like, what your failed students look like, and generally build a picture of what success looks like for Amazon - as well as failure - as Amazon works with your organization.
>
> To be clear, I have been asked to do this before we call or email more of your students.  I am very happy we will get the chance to speak in person tomorrow and speak about this in detail.
>
> I am sure you have questions and concerns to address with me as well.
>
> Do you have a particular place you want to try while in the area?  If not how about a preferred food style?  I can pick something out.
>
> Thanks!
>
> Forrest Moore
> Business Development Manager | Amazon Business
> Ph: 206.740.2765
>
>
> Click here for Amazon Business Features Webinar
> Click here for Seller Support
> Click here for Seller University
>
>
> -----Original Message-----
> From: Felarca, Nolan
> Sent: Monday, April 10, 2017 4:22 PM
> To: Moore, Forrest <moorefor@amazon.com>
> Subject: Call/Text Adam
>
> Forrest,
> Adam is wondering about lunch tomorrow. He is boarding his plane right now, so please email him bc he'll have wifi on plane
>
> REDACTED
>
> Sent from my iPhone

https://mail.google.com/mail/u/0/?ui=2&ik=e3946bb27a&jsver=diY4ZTwxD8E.en.&view=pt&q=moorefor%40amazon.com&qs=true&search=query&th=15b5d9c49a79c

Adam Bowser

FBA Stores

293 Libbey Pkwy

Weymouth MA 02189

800-554-8495

www.fbastores.com


--
Adam Bowser
FBA Stores
293 Libbey Pkwy
Weymouth MA 02189
800-554-8495
www.fbastores.com

FTC-002317

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 41 of 57

# EXHIBIT 9

 **FBA STORES**
Fulfillment By Amazon

Email Compliance <email-compliance@fbastores.com>

---

## [bcc copy] Fwd: Sellers
6 messages

---

**Adam Bowser** <abowser11@gmail.com>                              Wed, Apr 12, 2017 at 11:56 AM
To: Jody Marshall <jody.marshall@fbastores.com>

Can you get whoever looked up the store names to include a link in Column "C" and then maybe a date when they joined us. They can just put 1 year, 2 years etc...

Attached is the list.

---------- Forwarded message ----------
From: **Moore, Forrest** <moorefor@amazon.com>
Date: Wed, Apr 12, 2017 at 12:54 PM
Subject: RE: Sellers
To: Adam Bowser <abowser11@gmail.com>

Thanks Adam!

It was great chatting with you guys as well. I checked 8-10 names on this list and was not able to find the stores, with one exception where the account had been closed. Is it possible to add Email addresses, and Date of their class or other time reference? In some cases I am finding nothing in others I am finding 10+ names that match. With Email and a date reference I can find the right account.

Thanks!

**Forrest Moore**

**Business Development Manager | Amazon Business**
Ph: 206.740.2765

**amazon**business

Click here for Amazon Business Features Webinar

Click here for Seller Support

Click here for Seller University

**From:** Adam Bowser [mailto:abowser11@gmail.com]
**Sent:** Wednesday, April 12, 2017 7:24 AM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** Sellers

---

Forrest,


First I'd like to thank you for meeting us for lunch yesterday and I'm excited to work with you. Chris, Nick & I will be meeting today to create the questionnaire for our students to fill out so we can give you more information on every student we send your way. I've attached some previous sellers that worked with us in the past and for you to take a look at their stores. Let me know if you need anything from me.


Adam


--

Adam Bowser

FBA Stores

293 Libbey Pkwy

Weymouth MA 02189

800-554-8495

www.fbastores.com



--
Adam Bowser
FBA Stores
293 Libbey Pkwy
Weymouth MA 02189
800-554-8495
www.fbastores.com

 **FBA Store Names.xlsx**
49K

---

**Jody Marshall** <jody.marshall@fbastores.com>                                    Wed, Apr 12, 2017 at 11:57 AM
To: Adam Bowser <abowser11@gmail.com>

On it.

Jody Marshall
jody.marshall@fbastores.com
Telephone: (800) 554-8495
3165 N Moapa Valley Blvd,
Logandale, NV 89021

On Apr 12, 2017, at 12:56 PM, Adam Bowser <abowser11@gmail.com> wrote:

Can you get whoever looked up the store names to include a link in Column "C" and then maybe a date when they joined us. They can just put 1 year, 2 years etc...

Attached is the list.

FTC-002320

---------- Forwarded message ----------
From: **Moore, Forrest** <moorefor@amazon.com>
Date: Wed, Apr 12, 2017 at 12:54 PM
Subject: RE: Sellers
To: Adam Bowser <abowser11@gmail.com>


Thanks Adam!


It was great chatting with you guys as well.  I checked 8-10 names on this list and was not able to find the stores, with one exception where the account had been closed.  Is it possible to add Email addresses, and Date of their class or other time reference?  In some cases I am finding nothing in others I am finding 10+ names that match.  With Email and a date reference I can find the right account.


Thanks!


**Forrest Moore**

**Business Development Manager | Amazon Business**
Ph: 206.740.2765

<image001.jpg>


Click here for Amazon Business Features Webinar

Click here for Seller Support

Click here for Seller University


**From:** Adam Bowser [mailto:abowser11@gmail.com]
**Sent:** Wednesday, April 12, 2017 7:24 AM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** Sellers


Forrest,


First I'd like to thank you for meeting us for lunch yesterday and I'm excited to work with you. Chris, Nick & I will be meeting today to create the questionnaire for our students to fill out so we can give you more information on every student we send your way. I've attached some previous sellers that worked with us in the past and for you to take a look at their stores. Let me know if you need anything from me.


Adam


--

FTC-002321

Adam Bowser

FBA Stores

293 Libbey Pkwy

Weymouth MA 02189

800-554-8495

www.fbastores.com


--
Adam Bowser
FBA Stores
293 Libbey Pkwy
Weymouth MA 02189
800-554-8495
www.fbastores.com
<FBA Store Names.xlsx>

---

**Adam Bowser** <abowser11@gmail.com>                              Wed, Apr 12, 2017 at 12:28 PM
To: Jody Marshall <jody.marshall@fbastores.com>

I'm updating the "Students Amazon Stores" Board with links to their stores. I don't know who went through this list but i'm finding a bunch that are non existent or don't have any products up for sale.

Can we make sure anyone in this company that is handling a job that we're sending to Amazon that they are thorough in their work and double check it.
[Quoted text hidden]

---

**abowser11@gmail.com** <abowser11@gmail.com>                      Thu, Apr 13, 2017 at 7:16 PM
To: Chris Bowser <bowser44@gmail.com>, Nikunj Agarwal <nikunj.agarwal@fbastores.com>


Adam

Begin forwarded message:

>    **From:** "Moore, Forrest" <moorefor@amazon.com>
>    **Date:** April 13, 2017 at 6:34:55 PM EDT
>    **To:** Adam Bowser <abowser11@gmail.com>
>    **Subject: RE: Sellers**

>    This is very helpful!  Thank you.  I have been asked to build a profile on 50 of your students.  Can you get me 20 more like this by next week?


>    I have a late request.  I have a meeting tomorrow afternoon with a Senior Manager who is a supporter of mine and open to supporting my goals with you.  Is there any chance you can get me a draft of a questionnaire like the one we discussed by tomorrow afternoon?  It would be questions you'd intend to have students answer, in order to create a score or metric for evaluating potential support from my team.  Questions might include:

Do you currently own or manage a business?  If not have you owned or managed a business in the past?  Does your current business sell products?  What kinds of products?  Do you have a business website? What is it?  Do you sell online?  Where?  Do you have products ready to be sold on Amazon?  Do you have capital ready for the business? How much?  Will you be seeking financing?  How much?

If you have other questions that you do ask, or think you might start asking please include them.  I am sure you have a sense of what we are looking for here.  Tier 1 students (low friction) might have 3 or more of the following attributes.  Tier 2 (slightly higher friction) might only have 1 or 2 of the attributes.  Tier 3, probably does show any of these attributes:

1.   Owns a business,
2.   Sells products,
3.   Sells them online,
4.   Does not sell them on Amazon,
5.   Has capital,
6.   Doesn't need debt.

In fact once you have a questionnaire in place for a future class, I'd love to start getting the names and emails of any students that meet any 3 or more of those criteria in each class, so that I can begin tracking their progress and building a case study.   I think with 3-4 classes of data I might have enough to present to the senior management Team.  Please let me know if you are able, and willing to begin offing me the names, emails, and criteria met by new students who meet at least 3 of those criteria.

My goal at this time is that any student that meets 3 or more of those criteria gets the full support of my team.  Students that only achieve 1-2 of those criteria might receive a lighter contact and a shorter period of available support but I think that is still valuable.  Students that do not meet any of those criteria I'd like to potentially get them a special landing page, knowledge base, and or a crafted and specific email campaign.  Then once those students in that last group start to show success my goal would be that we have an In Year Account Manager reach out to them and begin providing coaching.  In this manner Amazon would provide direct support for your Students least likely to pose a risk to us.  I hope that plan sounds like it adds most of the value that you perceived initially in a relationship with Amazon.

If I am granted the ability to develop a relationship with your company, I intend to push hard into supporting your private labeling goals and other related selection ideas.

Please let me know if you have any specific concerns or questions.

Thanks!

**Forrest Moore**

**Business Development Manager | Amazon Business**
Ph: 206.740.2765

**amazon**business

Click here for Amazon Business Features Webinar

Click here for Seller Support

Click here for Seller University

**From:** Adam Bowser [mailto:abowser11@gmail.com]
**Sent:** Thursday, April 13, 2017 6:34 AM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** Re: Sellers

Forrest,

Attached is a start to some stores and i'm working on finding more. I either included their email or a link to their storefront.

Let me know if this helps...

On Wed, Apr 12, 2017 at 12:55 PM, Adam Bowser <abowser11@gmail.com> wrote:

> Sorry let me work on that for you.

> On Wed, Apr 12, 2017 at 12:54 PM, Moore, Forrest <moorefor@amazon.com> wrote:

>> Thanks Adam!

>> It was great chatting with you guys as well.  I checked 8-10 names on this list and was not able to find the stores, with one exception where the account had been closed.  Is it possible to add Email addresses, and Date of their class or other time reference?  In some cases I am finding nothing in others I am finding 10+ names that match.  With Email and a date reference I can find the right account.

>> Thanks!

**Forrest Moore**

**Business Development Manager | Amazon Business**
Ph: 206.740.2765

**amazon**business

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

---

**amazon**business   Image001.jpg
8K

---

**abowser11@gmail.com** <abowser11@gmail.com>                                      Fri, Apr 14, 2017 at 7:35 AM
To: Al Schweitzer <al.schweitzer@fbastores.com>

[Quoted text hidden]

**amazon**business   Image001.jpg
8K

---

**Adam Bowser** <abowser11@gmail.com>                                      Fri, Apr 14, 2017 at 2:46 PM
To: Nikunj Agarwal <nikunj.agarwal@fbastores.com>

---------- Forwarded message ----------
From: **Adam Bowser** <abowser11@gmail.com>
Date: Fri, Apr 14, 2017 at 3:19 PM
Subject: Re: Sellers
To: "Moore, Forrest" <moorefor@amazon.com>

Excellent.. I like the changes and will use the same.

Also getting you the student evaluations is not a problem so when we send over new students I'll include their evaluations
attached so you can see them all.

Talk Soon,

Adam

On Fri, Apr 14, 2017 at 3:10 PM, Moore, Forrest <moorefor@amazon.com> wrote:

Hi Adam, this looks great!

I made a few small changes to the version I will be presenting to Senior Management (attached).  I switched a
couple of words around and changed the question about existing debt to focus on business debt.  If you are
comfortable with the changes and want to adopt them, that's great, but not necessary.

I look forward to evaluating the next group of your students that uses this new questionnaire! If possible, I'd love to get a copy of their Questionnaire responses. Ultimately that is the best way to make sure that we are coming up with Tiers or a scoring system that I can explain/defend to Senior Management.

I have been looking through the 30 students that you sent over previously. It is a really great list and this hugely helpful. There are a few that have been very successful and a few that haven't but I don't see any that show the signs of risk that Senior Management raised.

Thanks!

**Forrest Moore**

**Business Development Manager | Amazon Business**
Ph: 206.740.2765



Click here for Amazon Business Features Webinar

Click here for Seller Support

Click here for Seller University

**From:** Adam Bowser [mailto:abowser11@gmail.com]
**Sent:** Friday, April 14, 2017 11:40 AM

**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** Re: Sellers

Forrest,

Let me know if the attached student evaluation form looks good?

Also I will have 20 more sellers for you by Monday or Tuesday.

Just so you know we have met and came up with a dedicated department in our company that's going to manager ALL the students that we pass along to you. We are prequalifying them into the tiers you talked about and then we'll be sending them to you in grades 1,2 & 3. I think we're both on the same page with everything so let me know what else I need to provide you with to help you build your case for upper management.

Talk Soon,
Adam

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

FTC-002327

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 51 of 57

# EXHIBIT 10

 **FBA STORES**
Fulfillment By Amazon

                                    Email Compliance <email-compliance@fbastores.com>

---

## RE: "[UNVERIFIED SENDER]ungating / new clients etc
2 messages

---

**Moore, Forrest <moorefor@amazon.com>**                    Mon, Sep 18, 2017 at 4:39 PM
To: Sean Rose <sean.rose@fbastores.com>, Adam Bowser <adam.bowser@fbastores.com>

Hi Sean,

Thanks for the email. The FBA Stores leads have been, as you expected, a mixed bag. Most of them do not seem to be close to ready to launch even after a month or so, but over time that might change. The ones that do launch, have been in highly competitive categories and struggle to gain traction. I'd love to see this work, and it very well may! Nonetheless I face questions from management about the time investment vs the sales volume. I currently believe that the time to results ration is in favor for working with these seller. I also know that I have help about half of the sellers I have worked with on waiving Seller Identity Documents or Category Ungating so I believe that I am able to provide value for the FBA Store Students as well.

I believe that something has been miscommunicated somewhere in our relationship, in regard to the 90 days mark. I have 90 days from a Seller's go live date to manage and gain "credit" for their Growth. I am not allowed to work with Sellers that have already launched on their own. I do not have the ability to waive fees or approve Category ungating for any Seller. I do have a path to escalate category applications that have been denied and I have helped you with a handful of them. Although based on the email I replied to earlier today, it looks like most of your Sellers are getting approved for categories without need to escalate.

Thanks Sean!

**Forrest Moore** | Business Development Manager

**Amazon Business Marketplace**

moorefor@amazon.com | 206.740.2765

Learn more about Amazon Business and becoming a Seller, on LinkedIn and YouTube.



**From:** Sean Rose [mailto:sean.rose@fbastores.com]
**Sent:** Friday, September 15, 2017 10:45 AM
**To:** Moore, Forrest <moorefor@amazon.com>; Adam Bowser <adam.bowser@fbastores.com>
**Subject:** "[UNVERIFIED SENDER]ungating / new clients etc

Hey Forrest,

I hope you've been having a good quarter.  Are the referrals from FBASTORES paying off?  Is there anything Adam or I can do to help improve your close rate or increase your numbers?

I suspect that you are getting good referrals from FBASTORES but I'm also guessing that you are having to deal with a lot of people who aren't truly ready for what you bring to the table.

I believe that my relationship with Category Approved could provide another layer of filtering to make sure you are getting even more qualified clients from FBASTORES while at the same time helping me to provide another level of expertise to our clients.

Currently Sexual Wellness, and Beauty / Topicals are my most reqeusted categories that our clients are requesting help with that we aren't having success with yet.  This is because the invoices from our wholesale division "Buy Box Wholesale" have yet to be approved.

Several months ago when FBASTORES and Amazon first started working together I believe that you did a test program to assist our new students.  It was only turned on for a short time and then it got shut down until approval from other departments could be achieved.

I'm hoping that now that FBASTORES is providing you with numerous high quality referrals that the program is back  in play.

From talking to one our clients that went through the pilot program described above these are the criteria that were used to help him get approved in categories much faster than the average seller by somebody in Amazon that was a part of your business development department.

Here is my question to you.  If Adam and I can get our clients to:

1.  open their professional accounts using a LLC

2. have a business dbt card on file attached to the LLC

3. have excellent metrics

4. no more than 90 days in the business

5. provide you with proof that the inventory in the category they want is purchased from an approved vendor and with enough quantitiy

Do you have the authority to approve a clients application for the following categoy:  Beauty / Topical with out the additional fee that is sometimes being requested?

Do you also have authority for grocery and / or Sexual Wellness, if needed?

FTC-002330

Follow me on LinkedIn!

**Sean Rose**
**Coach**
sean.rose@fbastores.com
Personal Office: 765-487-8077

FBA Stores LLC
293 Libbey Industrial Pkwy, Suite 250
Weymouth, Ma, 02189
fbastores.com
"Dedicated to Helping Your Business Thrive"
**NEW Coaching hotline number: 1-888-410-9697**

Massachusetts Headquarters:  1-800-554-8495. Use the following extensions:

Ext. 1 - Customer Service - Upcoming events, logging into websites and general questions.

Ext. 2 - Bonus Product - Find out about your bonus product and status.

Ext. 3 - Coaching Hotline - Amazon related questions and support.

Ext. 4 - Wholesale and Product - Any purchases you would like to make or any purchases you have made. See whats coming in.

Ext. 5 - Accounting - Anything to do with payment for package. Call your product rep first.

Ext. 6 - Office Visits - Anything to do with office visits.

---

**Sean Rose** <sean.rose@fbastores.com>                                    Mon, Sep 18, 2017 at 5:36 PM
To: "Moore, Forrest" <moorefor@amazon.com>
Cc: Adam Bowser <adam.bowser@fbastores.com>

Forrest,

Thank you for this feedback.  It's extremely helpful to me in understanding what you can do and how myself and Adam
can improve this opportunity for you, us, and the client.  I have several ideas that pop into mind that I will discuss with
Adam and get back to you as soon as possible.

Also thank you for all your help.  It's been invaluable.


[Quoted text hidden]

FTC-002331

Case 2:17-cv-01830-RSL   Document 29   Filed 02/09/18   Page 55 of 57

# EXHIBIT 11

  **FBA STORES**
Fulfillment By Amazon

Email Compliance <email-compliance@fbastores.com>

---

## RE: "[UNVERIFIED SENDER]Grocery approval request...
1 message

---

**Moore, Forrest** <moorefor@amazon.com>                                          Wed, Nov 29, 2017 at 3:53 PM
To: Sean Rose <sean.rose@fbastores.com>

Hey Sean,

Our Management team has decided that your Students are not "Business Relevant" enough to work with going forward so I will not be working with new students in the future.  I cannot see copies of the invoice submitted but I do see commentary that the issue in not necessarily the invoice but rather a case of the Business license information that was submitting not matching the business name as listed with their EIN.  I think this is not a case of the invoice being not accepted but a case of the additional information not matching.

**Forrest Moore** | Business Development Manager

**Amazon Business Marketplace**

moorefor@amazon.com | 206.740.2765

Learn more about Amazon Business and becoming a Seller, on LinkedIn and YouTube.



**From:** Sean Rose [mailto:sean.rose@fbastores.com]
**Sent:** Tuesday, November 28, 2017 7:13 PM
**To:** Moore, Forrest <moorefor@amazon.com>
**Subject:** "[UNVERIFIED SENDER]Grocery approval request...

Hello Forrest,

Can you take a look at this grocery submission?  We have been successful using invoices from this supplier several times for watches and music and once for grocery so I thought Buy Box Wholesale would finally be approved on a regular basis but evidently not quite yet.

Thanks for your help.

Here is the detail:


Client's Name:   David Rowell

Case No.   4682644331

User Permission email:   catapp4417@gmail.com

Client's email:   rowellrealty@aol.com



PS  Have the referrals gotten any better?  I gave Adam a plan on how to make it better for you but he acted like it wasn't possible.  I disagree and I'm willing to go to bat for you so don't be shy about telling me what you need.  I'm committed to making this a win win for both of us.

FTC-002334

**Px. 88   Chris Bowser's Declaration in Support of Motion to Dismiss or in the Alternative, to Transfer Venue Filed in Amazon.com Inc. v. FBA Stores, LLC et al., No. 2:17cv1830 (W.D. Wash. filed Dec. 6, 2017)**

Case 2:17-cv-01830-RSL   Document 30   Filed 02/09/18   Page 1 of 5

1

The Honorable Robert S. Lasnik

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
9                    WESTERN DISTRICT OF WASHINGTON

10   AMAZON.COM, INC., a Delaware corporation,
     AMAZON TECHNOLOGIES, INC., a Nevada
11   corporation, and AMAZON SERVICES, LLC, a       NO. 2:17-cv-01830-RSL
12   Nevada limited liability company,
                                                    DECLARATION OF CHRIS BOWSER IN
13                              Plaintiffs,          SUPPORT OF DEFENDANTS' MOTION
                                                    TO DISMISS OR IN THE
14         v.                                       ALTERNATIVE, TO TRANSFER VENUE

15   FBA STORES, LLC, a limited liability           NOTE ON MOTION CALENDAR:
     company; FBA DISTRIBUTORS, LLC, a              APRIL 13, 2018
16   limited liability company; FBA ADVANTAGE,
     LLC, a limited liability company; AWS, LLC, a  **ORAL ARGUMENT REQUESTED**
17   limited liability company; ONLINE AUCTION
     LEARNING CENTER, INC., a corporation;
18   CHRISTOPHER BOWSER, an individual;
     ADAM BOWSER, an individual; and DOE
19   Companies 1-20,

20                              Defendants.

21                   <u>**DECLARATION OF CHRIS BOWSER**</u>

22   I, Chris Bowser, declare as follows:

23         1.    I am a member of FBA Stores, LLC.  I am also a manager of the company.

24         2.    I live and work in New York, New York.

25   *Contacts With Washington*

26         3.    I do not own any property in Washington and I do not have any bank accounts,

     tax liability, residences, employees, or offices in Washington.

DECLARATION OF CHRIS BOWSER IN SUPPORT OF          BYRNES • KELLER • CROMWELL LLP
DEFENDANTS' MOTION TO DISMISS OR IN THE                      38TH FLOOR
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-      1000 SECOND AVENUE
RSL) - 1                                              SEATTLE, WASHINGTON 98104
                                                           (206) 622-2000

PLAINTIFF'S
EXHIBIT

88

4.      I have visited Washington six times since 2010. I visited once in 2010 and once in 2011 to speak at conferences. I visited twice in 2015 to teach workshops and attended one conference in 2016. The last time I visited Washington was in 2017, at the request of an Amazon employee, Forrest Moore.

5.      The 2017 visit with Forrest Moore, an Amazon business manager, was for the purpose of discussing a business relationship between FBA Stores and Amazon.

*Defendant Companies*

6.      Adam Bowser ("Adam") and I started Online Auction Learning Center, Inc. ("OALC") in 2009. OALC stopped doing business in 2013 and operated as Online Auction Learning Center d/b/a FBA Stores until 2016.

7.      FBA Stores, LLC was formed in 2016. FBA stands for Fulfillment by Adam.

8.      FBA Stores holds workshops nationwide to educate people about selling products online, such as through Amazon.com. FBA Stores also offers consulting services to assist their clients set up and run storefronts on Amazon.com or other e-commerce sites. FBA Stores also offers a service whereby FBA Stores will purchase a product, label it, and ship it to an Amazon Fulfillment center on behalf of an FBA Stores client.

9.      FBA Stores is headquartered in Weymouth, Massachusetts and has approximately 100 full time employees and contractors. Almost all of its employees live in Massachusetts and the independent contractors are scattered across the country.

10.     FBA Stores d/b/a AWS, held approximately nineteen workshops in the state of Washington during 2017. FBA Stores typically mails out approximately 30,000 to 40,000 flyers for each workshop.  None of the 2017 events, however, were taught by or attended by myself or Adam.

11.     FBA Stores has no offices, no property, no bank accounts, and no employees located in the state of Washington.

DECLARATION OF CHRIS BOWSER IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

12.     FBA Distributors, LLC ("FBA Distributors") is headquartered in Weymouth, Massachusetts. Adam and I are managers of the company.

13.     Prior to the end of 2016, FBA Distributors resold and distributed wholesale products to FBA Stores clients who had Amazon.com storefronts. FBA Distributors stopped providing this service to its clients at the end of 2016.

14.     FBA Distributors has no website, does no marketing, and is not doing any business in Washington. FBA Distributors has had no contacts with Washington and has no connection to the acts alleged by Plaintiffs.

15.     FBA Advantage, LLC ("FBA Advantage") was created and was operated by Ronald Dunn. Ronald Dunn is an employee of FBA Stores.

16.     Neither myself nor Adam had any involvement with FBA Advantage.

17.     FBA Advantage was created to provide a service to FBA clients whereby FBA Advantage would accept returned products on behalf of a client seller and handle the associated logistical issues. FBA Advantage would destroy, re-sell, or repurpose the returned product.

18.     FBA Advantage has no website, does no marketing, and ceased operations in mid-2017. FBA Advantage never held or sponsored seminars and workshops, never had marketing or advertising materials, and had no connection to any product descriptions or product reviews. FBA Advantage has no contacts with Washington and has no connection to the acts alleged by Plaintiffs.

19.     AWS, LLC was created in mid-2017. Adam is the manager of AWS, LLC.

20.     AWS, LLC never started operation and has not engaged in business in Washington.

21.     AWS, LLC never held or sponsored seminars and workshops, never had marketing or advertising materials, and had no connection to any product descriptions or product reviews. AWS, LLC has no contacts with Washington and has no connection to the acts alleged by Plaintiffs.

DECLARATION OF CHRIS BOWSER IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

FTC-002338

1
2
3

*Business Relationship With Amazon*

4
5

     22.    In February 2017, Amazon initiated contact with FBA Stores by calling FBA Stores and expressing interest in establishing a business relationship.

6
7

     23.    Amazon was interested in being connected to FBA Stores' students that have set up new seller accounts on Amazon and wanted to know about their level of business acumen and experience.

8
9

     24.    Amazon frequently assisted FBA Stores' students, through FBA Stores communications, to ungate these students. Ungating is the process of permitting a seller to sell products in a restricted category or from a restricted brand.

10
11
12

     25.    Amazon also frequently assisted FBA Stores' students when their seller accounts were suspended or disabled.

13
14

     26.    Amazon would repeatedly instruct these students to create a second account either under a business name or with a business partner, as long as the new account had different names, address, credit card, bank account and a different IP address.

15
16
17

     27.    FBA Stores worked with Jamie Kenningham, Nolan Felarca, and Forrest Moore at Amazon.

18
19

     28.    These three employees represented to FBA Stores that senior management was aware of and approved of the business relationship with FBA Stores.

20
21

     29.    Forrest Moore abruptly ended the relationship with FBA Stores on November 29, 2017.

22
23

     I declare under the penalty of perjury that the foregoing is true and correct.

24
25
26

DATE:   2/9/18_____

Chris Bowser

DECLARATION OF CHRIS BOWSER IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1

2

## CERTIFICATE OF SERVICE

3
      The undersigned attorney certifies that on the 9th day of February, 2018, I electronically
filed the foregoing with the Clerk of the Court using the CM/ECF system which will send
notification of such filing to all counsel on record in the matter.

4

5

6

7
                             /s/ Keith D. Petrak
                             Byrnes Keller Cromwell LLP

8
                             1000 Second Avenue, 38th Floor
                             Seattle, WA  98104

9
                             Telephone:  (206) 622-2000
                             Facsimile:  (206) 622-2522

10
                             kpetrak@byrneskeller.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF CHRIS BOWSER IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR IN THE
ALTERNATIVE, TO TRANSFER VENUE (NO. 2:17-CV-01830-
RSL) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000