Roberto Anguizola
Illinois Bar # 6270874 (Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3284
Email: ranguizola@ftc.gov

Miry Kim
Washington Bar # 31456 (Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3622
Email: mkim@ftc.gov

Gregory J. Evans
DC Bar # 1033184 (Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3425
Email: gevans2@ftc.gov

Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-8528
Washington, DC 20580

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

AWS, LLC, a Nevada limited liability company; ADAMS CONSULTING, LLC, a California limited liability company; FBA DISTRIBUTORS, LLC, a Massachusetts limited liability company; FBA STORES, LLC, a Nevada limited liability company; GLOBAL MARKETING SERVICES L.L.C., a Nevada limited liability company; INFO PROS, LLC, a Nevada limited liability company; INFO SOLUTIONS, LLC, a Nevada limited liability company; ONLINE AUCTION LEARNING CENTER, INC., a Massachusetts corporation; ONLINE AUCTION LEARNING CENTER, INC., a Nevada corporation; CHRISTOPHER F. BOWSER; ADAM S. BOWSER; JODY L. MARSHALL; and JEFFREY A. GOMEZ,

     Defendants.

CASE NO. 2:18-cv-00442-JCM-PAL

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS AWS, LLC, FBA DISTRIBUTORS, LLC, FBA STORES, LLC, INFO PROS, LLC, INFO SOLUTIONS, LLC, ONLINE AUCTION LEARNING CENTER, INC. (MASS. CORP.), ONLINE AUCTION LEARNING CENTER, INC. (NEV. CORP.), CHRISTOPHER F. BOWSER, ADAM S. BOWSER, AND JODY L. MARSHALL**

DocuSign Envelope ID: 5813994A-78EC-4D90-A3D7-32FED1B8A6BF

1    Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint

2    for Permanent Injunction and Other Equitable Relief, as amended, ("Complaint"), in this matter,

3    pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

4    §§ 53(b) and 57b.  The Commission and Defendants AWS, LLC, FBA Distributors, LLC, FBA

5    Stores, LLC, Info Pros, LLC, Info Solutions, LLC, Online Auction Learning Center, Inc. (Mass.

6    Corp.), Online Auction Learning Center, Inc. (Nev. Corp.), Christopher F. Bowser, Adam S.

7    Bowser, and Jody Marshall ("Settling Defendants") stipulate to the entry of this Stipulated Order

8    for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in

9    this action between them.

10    THEREFORE, IT IS ORDERED as follows:

11                                    **FINDINGS**

12    1.    This Court has jurisdiction over this matter.

13    2.    The Complaint charges that Settling Defendants participated in deceptive and

14    unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in violation

15    of the Business Opportunity Rule, 16 C.F.R. Part 437, in connection with the advertising,

16    marketing, distribution, promotion and sale of business opportunities to consumers throughout

17    the United States.

18    3.    Settling Defendants neither admit nor deny any of the allegations in the

19    Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling

20    Defendants admit the facts necessary to establish jurisdiction.

21    4.    Settling Defendants waive and release any claims that they may have against the

22    Commission and the Receiver, including against any agent of the Commission or the Receiver,

23    that relate to this action.

DocuSign Envelope ID: 5813994A-78EC-4D90-A3D7-32FED1B8A6BF

5.      Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6.      Individual Defendant Jody Marshall filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 5, 2016. *In re Jody L. Marshall*, No. BKS-16-10016-MKN (Bankr. D. Nev.) ("Marshall Bankruptcy Case").  The Commission's prosecution of this action and the Order are actions to enforce the Commission's policy or regulatory power.  As a result, if the Marshall Bankruptcy Case is pending as of the date of entry of this Order, then these actions are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      **"Business Coaching Program"** means any program, plan, good, or service, including those related to business opportunities, that is represented, expressly or by implication, to coach, train or teach a participant or Purchaser how to establish, operate, or improve the Purchaser's business.

B.      **"Business Opportunity"** means a commercial arrangement in which:

1.      A Seller solicits a prospective Purchaser to enter into a new business; and

2.      The prospective Purchaser makes a required payment; and

3.      The Seller, expressly or by implication, orally or in writing, represents that the Seller or one or more Designated Persons will:

(i)      Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the Purchaser; or

3

   (ii)  Provide outlets, accounts, or customers, including Internet outlets,

accounts, or customers, for the Purchaser's goods or services; or

   (iii)  Buy back any or all of the goods or services that the Purchaser makes,

produces, fabricates, grows, breeds, modifies, or provides, including providing

payment for such services as, for example, stuffing envelopes from the

Purchaser's home.

C. **"Designated Person"** means any Person, other than the Seller, whose goods or services

the Seller suggests, recommends, or requires that the Purchaser use in establishing or operating a

new business.

D. "**Document**" is synonymous in meaning and equal in scope to the usage of "document"

and "electronically stored information" in Federal Rule of Civil Procedure 34(a),

Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and

video recordings, images, internet sites, web pages, websites, electronic correspondence,

including e-mail and instant messages, contracts, accounting data, advertisements (including

advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET

Newsgroup postings, books, written or printed records, handwritten notes, telephone logs,

telephone scripts, receipt books, ledgers, personal and business canceled checks and check

registers, bank statements, appointment books, computer records, customer or sales databases,

and any other electronically stored information, including Documents located on remote servers

or cloud computing systems, and other data or data compilations from which information can be

obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-

identical copy is a separate document within the meaning of the term.

E.      "**Earnings Claim**" means any oral, written, or visual representation to a consumer, prospective Purchaser or investor that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits.  Earnings claims include, but are not limited to any:  (1) chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) statements from which a consumer, prospective Purchaser or investor can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year").

F.      **"Person"** means a natural person, organization, or legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

G.      **"Providing locations, outlets, accounts, or customers"** means furnishing the prospective Purchaser with existing or potential locations, outlets, accounts, or customers; requiring, recommending, or suggesting one or more locators or lead generating companies; providing a list of locator or lead generating companies; collecting a fee on behalf of one or more locators or lead generating companies; offering to furnish a list of locations; or otherwise assisting the prospective Purchaser in obtaining his or her own locations, outlets, accounts, or customers.

H.      **"Purchaser"** means a Person who buys a Business Opportunity or Business Coaching Program.

I.      "**Receiver**" means Robb Evans & Associates LLC, the receiver appointed in Section XI of the Temporary Restraining Order issued on March 14, 2018 [ECF No. 29], and whose

DocuSign Envelope ID: 5813994A-78EC-4D90-A3D7-32FED1B8A6BF

1  appointment is continued in Section VI of this Order, and any deputy receivers that shall be

2  named by Robb Evans & Associates LLC.

3  J.      "**Receivership Estate**" means the assets identified in Section III.C of this Order and all

4  assets of the Settling Corporate Defendants, including: (a) any assets of the Settling Corporate

5  Defendants currently in the possession of the Receiver; (b) all the funds, property, premises,

6  accounts, documents, mail, and all other assets of, or in the possession or under the control of the

7  Settling Corporate Defendants, wherever situated, the income and profits therefrom, all sums of

8  money now or hereafter due or owing to the Settling Corporate Defendants, and any other assets

9  or property belonging or owed to the Settling Corporate Defendants; (c) any assets of the Settling

10  Corporate Defendants held in asset protection trusts; (d) any reserve funds or other accounts

11  associated with any payments processed on behalf of any Settling Corporate Defendant,

12  including such reserve funds held by a payment processor, credit card processor, or bank; and (e)

13  all proceeds from the sale of such assets, except those assets the sale of which the Receiver

14  determines will not add appreciably to the value of the estate.

15  K.      **"Seller"** means a person who offers for sale or sells a Business Opportunity or Business

16  Coaching Program.

17  L.      **"Settling Corporate Defendants**" means AWS, LLC, FBA Distributors, LLC, FBA

18  Stores, LLC, Info Pros, LLC, Info Solutions, LLC, Online Auction Learning Center, Inc. (Mass.

19  Corp.), Online Auction Learning Center, Inc. (Nev. Corp.), and any of their subsidiaries,

20  affiliates, successors, and assigns.

21  M.      "**Settling Defendants**" means all of the Settling Individual Defendants and the Settling

22  Corporate Defendants, individually, collectively, or in any combination.

23

DocuSign Envelope ID: 5813994A-78EC-4D90-A3D7-32FED1B8A6BF

N.      **"Settling Individual Defendants"** means Christopher F. Bowser, Adam S. Bowser, and Jody L. Marshall, individually or collectively.

### ORDER

### I.      BUSINESS OPPORTUNITY AND BUSINESS COACHING BAN

IT IS ORDERED that Settling Defendants are permanently restrained and enjoined from advertising, marketing, distributing, promoting, or offering for sale, or assisting in the advertising, marketing, distributing, promoting, or offering for sale of, any Business Opportunity or Business Coaching Program.

### II.      PROHIBITED BUSINESS ACTIVITIES

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A.      making any Earnings Claim, unless the Earnings Claim is non-misleading, and, at the time such claim is made, Settling Defendants: (1) have a reasonable basis for their claim; (2) have in their possession written materials that substantiate the claim; and (3) make the written substantiation available upon request to the consumer, potential Purchaser or investor, and to the Commission; or

B.      misrepresenting or assisting others in misrepresenting, expressly or by implication any other fact material to consumers concerning any product or service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III.  MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of One Hundred Two Million, Four Hundred Eighty-One Thousand, Five Hundred Ninety-Six Dollars ($102,481,596.00) is entered in favor of the Commission against Settling Defendants, jointly and severally, as equitable monetary relief.

B.      Settling Individual Defendants are ordered to make the following payments to the Commission, which, as Settling Individual Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission:

1.      Individual Defendant Christopher F. Bowser is ordered to pay to the Commission Three Hundred, Twenty-Five Thousand Dollars ($325,000.00);

2.      Individual Defendant Adam S. Bowser is ordered to pay to the Commission Three Hundred, Twenty-Five Thousand Dollars ($325,000.00); and

3.      Individual Defendant Jody Marshall is ordered to pay to the Commission Seventy-Five Thousand Dollars ($75,000.00).

Such payments must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C.      In addition to the payments to the Commission specified in Subsection B above, immediately upon entry of this Order, the Settling Defendants are ordered to surrender to the Commission all control, title, dominion, and interest each has to the following assets:

1.      All interest the Settling Defendants have in funds in any accounts in the name of the Settling Corporate Defendants, eLearn Service, LLC, E-Learn Services, Ltd., EMWW, LLC, Finn Rich Wireless, LLC, Plaza TowneHomes, LLC, Sell On

1       AMZ Inc., Surf Cellular Express, LLC, Vmerica, Inc., Buy Box Wholesale Inc.,

2       Auction Profit Builders LLC, Insider Online Secrets LLC, or Sellers Hangout;

3    2.    All cash held by the Receiver;

4    3.    All assets owned by the Settling Corporate Defendants, eLearn Service, LLC, E-

5       Learn Services, Ltd., EMWW, LLC, Finn Rich Wireless, LLC, Plaza

6       TowneHomes, LLC, Sell On AMZ Inc., Surf Cellular Express, LLC, Vmerica,

7       Inc., Buy Box Wholesale Inc., Auction Profit Builders LLC, Insider Online

8       Secrets LLC, or Sellers Hangout, including any real, personal, or intellectual

9       property, chattel, goods, instruments, equipment, fixtures, general intangibles,

10       effects, leaseholds, contracts, mail, or other deliveries, shares or stock, securities,

11       inventory, checks, notes, accounts, credits, receivables, insurance policies, lines of

12       credit, cash, trusts (including asset protection trusts), lists of consumer names and

13       reserve funds or any other accounts associated with any payments processed by,

14       or on behalf of, any Settling Corporate Defendants, eLearn Service, LLC, E-Learn

15       Services, Ltd., EMWW, LLC, Finn Rich Wireless, LLC, Plaza TowneHomes,

16       LLC, Sell On AMZ Inc., Surf Cellular Express, LLC, Vmerica, Inc., Buy Box

17       Wholesale Inc., Auction Profit Builders LLC, Insider Online Secrets LLC, or

18       Sellers Hangout;

19    4.    All funds held by Bank of America N.A., in the name of Info Pros LLC dba

20       "Online Seller", including the accounts ending in 1812 and 6059;

21    5.    All funds held by Bank of America N.A., in the name of FBA Stores LLC dba

22       "AWS", including the accounts ending in 6155 and 3425;

23

6.      All funds held by Bank of America N.A., in the name of FBA Stores LLC, including the account ending in 2607;

7.      All funds held by Bank of America N.A., in the name of FBA Distributors LLC, including the account ending in 5349;

8.      All funds held by Bank of America N.A., in the name of EMWW, LLC LLC, including the account ending in 8299;

9.      All funds held by Bank of America N.A., in the name of Elearn Services LLC dba "Edominance", including the account ending in 1867;

10.    All funds held by Bank of America N.A., in the name of Finn Rich Wireless LLC, including the account ending in 2342;

11.    All funds held by Bank of America N.A., in the name of Vmerica Inc., including the account ending in 5607;

12.    All funds held by America First Credit Union, in the name of Info Solutions LLC, including the account ending in 7992;

13.    All funds held by Washington Federal Bank, in the name of Info Pros LLC, including the account ending in 9156;

14.    All funds held by Washington Federal Bank, in the name of EMWW, LLC, including the account ending in 8182;

15.    All funds held by Rockland Trust Company, in the name of Online Auction Learning Center, Inc., including the Demand Deposit accounts ending in 1323 and 2412;

DocuSign Envelope ID: 5813994A-78FC-4D90-A3D7-32FFD1B8A6BF

16.     All funds held by Rockland Trust Company, in the name of Auction Profit Builders LLC dba "Insider Online Secrets", including the Demand Deposit account ending in 1538;

17.     All funds held by Rockland Trust Company, in the name of Finn Rich Wireless LLC, including the Demand Deposit account ending in 6468;

18.     All funds held by Rockland Trust Company, in the name of Surf Cellular Express LLC, including the Demand Deposit account ending in 7031;

19.     All funds held by JP Morgan Chase & Co., in the name of Info Pros LLC, including the account ending in 3922;

20.     All funds held by JP Morgan Chase & Co., in the name of Plaza TowneHomes, LLC, including the account ending in 3929;

21.     All reserve funds or any other accounts held, controlled, or serviced by Stripe, Inc. and associated with any payments processed by, or on behalf of FBA Distributors LLC, including the merchant account with the merchant identification number ("MID") ending in uiJvd;

22.     All reserve funds or any other accounts held, controlled, or serviced by Stripe, Inc. and associated with any payments processed by, or on behalf of Adam Bowser dba "AWS", including the merchant account with the MID ending in K9Yc2;

23.     All reserve funds or any other accounts held, controlled, or serviced by Electronic Merchant Systems and associated with any payments processed by, or on behalf of FBA Stores LLC, including the merchant account with the MID ending in 0179;

DocuSign Envelope ID: 5813994A-78FC-4D90-A3D7-32FED1B8A6BF

24. All reserve funds or any other accounts held, controlled, or serviced by Electronic Merchant Systems and associated with any payments processed by, or on behalf of Online Auction Learning Center, Inc., including the merchant accounts with the MID ending in 0908;

25. All reserve funds or any other accounts held, controlled, or serviced by EVO Payments International, LLC and associated with any payments processed by, or on behalf of FBA Stores LLC, including the merchant account with the MID ending in 4353;

26. All reserve funds or any other accounts held, controlled, or serviced by EVO Payments International, LLC and associated with any payments processed by, or on behalf of Online Auction Learning Center, Inc., including the merchant accounts with the MIDs ending in 2829 and 7498;

27. All reserve funds or any other accounts held, controlled, or serviced by PayPal, Inc. and associated with any payments processed by, or on behalf of FBA Stores, LLC, including the merchant account with the MID ending in 3735;

28. All reserve funds or any other accounts held, controlled, or serviced by PayPal, Inc. and associated with any payments processed by, or on behalf of Info Pros LLC, including the merchant account with the MID ending in 4079;

29. All reserve funds or any other accounts held, controlled, or serviced by PayPal, Inc. and associated with any payments processed by, or on behalf of Info Solutions, LLC, including the merchant account with the MID ending in 0073;

30. All reserve funds or any other accounts held, controlled, or serviced by PayPal, Inc. and associated with any payments processed by, or on behalf of Online

1          Auction Learning Center, Inc., including the merchant accounts with the MIDs

2          ending in 8564 and 1083;

3      31.      All reserve funds or any other accounts held, controlled, or serviced by Qualpay

4          and associated with any payments processed by, or on behalf of FBA Stores LLC,

5          including the merchant account with the MID ending in 0602; and

6      32.      All reserve funds or any other accounts held, controlled, or serviced by Global

7          Payments, Inc. and associated with any payments processed by, or on behalf of

8          Info Pros LLC dba "On Line Seller" or "Online Seller", including the merchant

9          account with the MID ending in 3060.

10      D.      To the extent they are not already in the possession of the Receiver, Settling

11 Defendants shall deliver the assets identified in Subsection C above to the Receiver's possession

12 within 7 days of the entry of this Order.

13      E.      The Receiver shall, as soon as practicable, commence the sale of the unliquidated

14 assets identified in Subsection C above and surrendered pursuant to this Order using a

15 commercially reasonable procedure.  The Receiver shall hold the surrendered assets, and the

16 proceeds from the sale of the unliquidated assets, for future transfer in accordance with further

17 instructions from the Court.

18      F.      Upon delivery of the payments specified in Subsection B above to the

19 Commission, and of all the assets specified in Subsection C above to the Receiver, the remainder

20 of the judgment is suspended, subject to Subsections G-O below.

21      G.      The Commission's agreement to the suspension of part of the judgment is

22 expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants'

23

1    sworn financial statements and related Documents (collectively, "financial representations")

2    submitted to the Commission, namely:

3        1.        the Financial Statement of Individual Defendant Christopher F. Bowser signed on

4                  March 21, 2018, including the attachments;

5        2.        the Financial Statement of Individual Defendant Adam S. Bowser signed on

6                  March 27, 2018, including the attachments;

7        3.        the Financial Statement of Individual Defendant Jody Marshall, signed on March

8                  28, 2018, including the attachments;

9        4.        the Financial Statement of Corporate Defendant FBA Stores, LLC signed by

10                 Alma Kelly, Internal Accountant, on March 21, 2018, including the attachments;

11                 and

12       5.        the Financial Statement of Corporate Defendant Online Auction Learning Center,

13                 Inc. (Mass. Corp.), signed by Christopher F. Bowser, Owner, on March 21, 2018,

14                 including the attachments.

15       H.        The suspension of the judgment will be lifted as to any Settling Defendant if,

16    upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any

17    material asset, materially misstated the value of any asset, or made any other material

18    misstatement or omission in the financial representations identified above.

19       I.        If the suspension of the judgment is lifted, the judgment becomes immediately

20    due as to that Settling Defendant in the amount specified in Subsection A above (which the

21    parties stipulate only for purposes of this Section represents the consumer injury and unjust

22    enrichment alleged in the Complaint), less any payments previously made pursuant to this

23    Section, plus interest computed from the date of entry of this Order.

DocuSign Envelope ID: 5813994A-78FC-4D90-A3D7-32FED1B8A6BF

1    J.    Settling Defendants relinquish dominion and all legal and equitable right, title,

2    and interest in all assets transferred pursuant to this Order and may not seek the return of any

3    assets.

4    K.    The facts alleged in the Complaint will be taken as true, without further proof, in

5    any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to

6    enforce its rights to any payment or monetary judgment pursuant to this Order, such as a

7    nondischargeability complaint in any bankruptcy case.

8    L.    The facts alleged in the Complaint establish all elements necessary to sustain an

9    action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.

10    § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

11    M.    Settling Defendants acknowledge that their Taxpayer Identification Numbers

12    (Social Security Numbers or Employer Identification Numbers), which Settling Defendants

13    previously submitted to the Commission, may be used for collecting and reporting on any

14    delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

15    N.    All money paid to the Commission or assets ultimately surrendered to the

16    Commission pursuant to this Order (or any subsequent Court order issued in this matter) and

17    further instructions from the Court may be deposited into a fund administered by the

18    Commission or its designee to be used for equitable relief, including consumer redress and any

19    attendant expenses for the administration of any redress fund.  If a representative of the

20    Commission decides that direct redress to consumers is wholly or partially impracticable or

21    money remains after redress is completed, the Commission may apply any remaining money for

22    such other equitable relief (including consumer information remedies) as it determines to be

23    reasonably related to Settling Defendants' practices alleged in the Complaint.  Any money not

1  used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling

2  Defendants have no right to challenge any actions the Commission or its representatives may

3  take pursuant to this Subsection.

4       O.  The asset freeze imposed by the March 14, 2018 Temporary Restraining Order

5  [ECF No. 29], is modified to permit the payment and transfers identified in Subsections B and C

6  above.  Upon completion of those payment and transfers, the asset freeze as to Settling

7  Defendants is dissolved.  Any existing asset freeze as to the remaining non-settling Defendants

8  shall remain in full force and effect.

9  ## IV.  CUSTOMER INFORMATION

10       IT IS FURTHER ORDERED that Settling Defendants, and their representatives, agents,

11  employees, and attorneys, and all other persons in active concert or participation with any of

12  them, who receive actual notice of this Order, are permanently restrained and enjoined from

13  directly or indirectly:

14       A.  failing to provide sufficient customer information to enable the Commission to

15  efficiently administer consumer redress.  Settling Defendants represent that they have provided

16  this redress information to the Commission.  If a representative of the Commission requests in

17  writing any information related to redress, Settling Defendants must provide it, in the form

18  prescribed by the Commission, within 14 days.

19       B.  disclosing, using, or benefitting from customer information, including the name,

20  address, telephone number, email address, social security number, other identifying information,

21  or any data that enables access to a customer's account (including a credit card, bank account, or

22  other financial account), that any Settling Defendant obtained prior to entry of this Order in

23

1    connection with the advertising, marketing, distribution, promotion and sale of business

2    opportunities to consumers throughout the United States; and

3          C.       failing to destroy such customer information in all forms in their possession,

4    custody, or control within 30 days after receipt of written direction to do so from a representative

5    of the Commission.

6          Provided, however, that customer information need not be disposed of, and may be

7    disclosed, to the extent requested by a government agency or required by law, regulation, or

8    court order.

9                       **V. COOPERATION**

10         IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with

11   representatives of the Commission in this case and in any investigation related to or associated

12   with the transactions or the occurrences that are the subject of the Complaint. Settling

13   Defendants must provide truthful and complete information, evidence, and testimony. Settling

14   Individual Defendants must appear and Settling Corporate Defendants must cause Settling

15   Corporate Defendants' officers, employees, representatives, or agents to appear for interviews,

16   discovery, hearings, trials, and any other proceedings that a Commission representative may

17   reasonably request upon 5 days written notice, or other reasonable notice, at such places and

18   times as a Commission representative may designate, without the service of a subpoena.

19                    **VI. RECEIVERSHIP**

20         IT IS FURTHER ORDERED that Robb Evans & Associates LLC is hereby appointed

21   equity Receiver for the Settling Corporate Defendants for the purpose of taking the necessary

22   steps to wind down the businesses of the Settling Corporate Defendants, liquidate assets, and pay

23   any net proceeds to the Commission to satisfy the monetary judgment in this Order. In carrying

DocuSign Envelope ID: 5813994A-78FC-4D90-A3D7-32FED1B8A6BF

1   out these duties, the Receiver shall be the agent of this Court, shall be accountable directly to this

2   Court, and is authorized and directed to:

3         A.     Take any and all steps that the Receiver concludes are appropriate to wind down

4   the affairs of the Settling Corporate Defendants.

5         B.     Continue to exercise full control over the Settling Corporate Defendants and

6   continue to collect, marshal, and take custody, control, and possession of all the funds, property,

7   premises, accounts, documents, mail, and other assets of, or in the possession or under the

8   control of the Settling Corporate Defendants, wherever situated, the income and profits

9   therefrom, and all sums of money now or hereafter due or owing to the Settling Corporate

10  Defendants.

11        C.     Continue to have full control over the management and personnel of the Settling

12  Corporate Defendants.

13        D.     Take all steps necessary or advisable, including issuing subpoenas, to locate and

14  liquidate all other assets of the Settling Corporate Defendants, cancel the Settling Corporate

15  Defendants' contracts, collect on amounts owed to the Settling Corporate Defendants, and take

16  such other steps as may be necessary to wind-down the Settling Corporate Defendants

17  efficiently.

18        E.     To the extent not already completed, the Receiver shall as soon as practicable

19  after the entry of this Order, take exclusive custody, control, and possession of all assets

20  identified in Section III.C of this Order.

21        F.     The Receiver shall give reasonable notice to the Commission of any settlements

22  or compromises by the Receiver concerning the Receivership Estate, before the settlement or

23

1    compromise is consummated.  Within 20 days of this notice, the Commission shall have the

2    opportunity to object to any such settlement, by filing a motion with the Court.

3           G.      Make payments and disbursements from the Receivership Estate that are

4    necessary or advisable for carrying out the directions of, or exercising the authority granted by,

5    this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt

6    or obligation incurred by the Settling Corporate Defendants prior to the date of entry of the

7    temporary restraining order in this action, except payments that the Receiver deems necessary or

8    advisable to ensure assets of the Settling Corporate Defendants are not lost, stolen, or dissipated.

9           H.      Institute actions or proceedings in state, federal, or foreign courts as the Receiver

10   deems necessary and advisable to preserve or recover the assets of the Settling Corporate

11   Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's

12   mandate under this Order, including actions challenging fraudulent or voidable transfers.

13          I.      Defend any or all actions or proceedings instituted against the Settling Corporate

14   Defendants, as the Receiver deems necessary and advisable to preserve the assets of the Settling

15   Corporate Defendants.

16          J.      Continue to maintain accurate records of all receipts and expenditures incurred as

17   the Receiver.

18          K.      Perform all acts necessary or advisable to complete an accurate accounting of

19   assets of the Receivership Estate, and prevent unauthorized transfer, withdrawal, or

20   misapplication of said assets.

21          L.      Continue to be entitled to reasonable compensation for the performance of the

22   Receiver's duties pursuant to this Order, including duties performed by the Receiver's agents,

23   including accountants and lawyers, and for the cost of actual out-of-pocket expenses incurred by

DocuSign Envelope ID: 5813994A-78FC-4D90-A3D7-32FED1B8A6BF

1    them, from the assets of the Receivership Estate, at the hourly rate previously agreed to by the

2    Receiver and used as the bases for prior fee applications approved by the Court.

3    **VII. ORDER ACKNOWLEDGMENTS**

4         IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of

5    receipt of this Order:

6         A.      Each Settling Defendant, within 7 days of entry of this Order, must submit to the

7    Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

8         B.      For 10 years after entry of this Order, each Settling Individual Defendant for any

9    business that such Settling Defendant, individually or collectively with any other Settling

10    Defendants, is the majority owner or controls directly or indirectly, and each Settling Corporate

11    Defendant, must deliver a copy of this Order to: (1) all principals, partners, officers, directors,

12    and LLC managers and members; (2) all employees, agents, and representatives who participate

13    in conduct related to the subject matter of the Order; and (3) any business entity resulting from

14    any change in structure as set forth in the Section titled Compliance Reporting. Delivery must

15    occur within 7 days of entry of this Order for current personnel. For all others, delivery must

16    occur before they assume their responsibilities.

17         C.      From each individual or entity to which a Settling Defendant delivered a copy of

18    this Order, that Settling Defendant must obtain, within 30 days, a signed and dated

19    acknowledgment of receipt of this Order.

20    **VIII. COMPLIANCE REPORTING**

21         IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the

22    Commission:

23

DocuSign Envelope ID: 5813994A-78FC-4D90-A3D7-32FED1B8A6BF

A.      One year after entry of this Order, each Settling Defendant must submit a

compliance report, sworn under penalty of perjury:

    1.      Each Settling Defendant must:  (a) identify the primary physical, postal, and email

address and telephone number, as designated points of contact, which

representatives of the Commission may use to communicate with Settling

Defendant; (b) identify all of that Settling Defendant's businesses by all of their

names, telephone numbers, and physical, postal, email, and Internet addresses; (c)

describe the activities of each business, including the goods and services offered,

the means of advertising, marketing, and sales, and the involvement of any other

Settling Defendant (which Settling Individual Defendants must describe if they

know or should know due to their own involvement); (d) describe in detail

whether and how that Settling Defendant is in compliance with each Section of

this Order; and (e) provide a copy of each Order Acknowledgment obtained

pursuant to this Order, unless previously submitted to the Commission.

    2.      Additionally, each Settling Individual Defendant must:  (a) identify all telephone

numbers and all physical, postal, email and Internet addresses, including all

residences; (b) identify all business activities, including any business for which

such Settling Defendant performs services whether as an employee or otherwise

and any entity in which such Settling Defendant has any ownership interest; and

(c) describe in detail such Settling Defendant's involvement in each such

business, including title, role, responsibilities, participation, authority, control,

and any ownership.

DocuSign Envelope ID: 5813994A-78FC-4D90-A3D7-32FED1B8A6BF

B.      For 20 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

  1.      Each Settling Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Settling Corporate Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

  2.      Additionally, each Settling Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Settling Defendant performs services whether as an employee or otherwise and any entity in which such Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

DocuSign Envelope ID: 5813994A-78FC-4D90-A3D7-32FED1B8A6BF

1    E.    Unless otherwise directed by a Commission representative in writing, all

2  submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or

3  sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement,

4  Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

5  Washington, DC 20580.  The subject line must begin:  *FTC v. AWS, LLC et al.*, X180026.

6               ## IX.  RECORDKEEPING

7    IT IS FURTHER ORDERED that Settling Defendants must create certain records for 20

8  years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling

9  Corporate Defendants and each Settling Individual Defendant for any business that such Settling

10  Defendant, individually or collectively with any other Settling Defendants, is a majority owner

11  or controls directly or indirectly, must create and retain the following records:

12    A.    accounting records showing the revenues from all goods or services sold;

13    B.    personnel records showing, for each person providing services, whether as an

14  employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position;

15  dates of service; and (if applicable) the reason for termination;

16    C.    records of all consumer complaints and refund requests, whether received directly

17  or indirectly, such as through a third party, and any response;

18    D.    all records necessary to demonstrate full compliance with each provision of this

19  Order, including all submissions to the Commission; and

20    E.    a copy of each unique advertisement or other marketing material.

21

22

23

23

## X.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants'
compliance with this Order, including the financial representations upon which part of the
judgment was suspended and any failure to transfer any assets as required by this Order:

A.       Within 14 days of receipt of a written request from a representative of the
Commission, each Settling Defendant must:  submit additional compliance reports or other
requested information, which must be sworn under penalty of perjury; appear for depositions;
and produce Documents for inspection and copying.  The Commission is also authorized to
obtain discovery, without further leave of court, using any of the procedures prescribed by
Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45,
and 69.

B.       For matters concerning this Order, the Commission is authorized to communicate
directly with each Settling Defendant.  Settling Defendant must permit representatives of the
Commission to interview any employee or other person affiliated with any Settling Defendant
who has agreed to such an interview.  The person interviewed may have counsel present.

C.       The Commission may use all other lawful means, including posing, through its
representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants
or any individual or entity affiliated with Settling Defendants, without the necessity of
identification or prior notice.  Nothing in this Order limits the Commission's lawful use of
compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.       Upon written request from a representative of the Commission, any consumer
reporting agency must furnish consumer reports concerning Settling Individual Defendants,
pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** June 15, 2018.

_____
United States District Judge

**STIPULATED AND AGREED TO BY:**

**FOR SETTLING DEFENDANTS**:

_____  Date: 4/25/2018
Suzette Michele M. Moore
Shumaker
Bank of America Plaza, Suite 2800
101 East Kennedy Boulevard
Tampa, FL 33602
Tel. (813) 227-2272
Email: smoore@slk-law.com

**Attorney for defendants AWS, LLC, FBA
Distributors, LLC, FBA Stores, LLC, Info
Pros, LLC, Info Solutions, LLC, Online
Auction Learning Center, Inc. (Mass.
Corp.), Online Auction Learning Center,
Inc. (Nev. Corp.), Christopher F. Bowser,
Adam S. Bowser, and Jody L. Marshall**

**DEFENDANTS:**

*Chris Bowser*
96D3BA9DB5D1435
DocuSigned By: Chris Bowser                Date: 4/25/2018

Christopher F. Bowser, Individually and as
Vice President and Manager of FBA
Distributors, LLC; Vice President of FBA
Stores, LLC, Managing Member of Info
Solutions, LLC; President of Online Auction
Learning Center (Mass. Corp.) and Online
Auction Learning Center (Nev. Corp.)

DocuSigned by:
*Adam Bowser*
3A9386BB304F484                           Date: 4/25/2018

Adam S. Bowser, Individually and as Manager
of AWS, LLC; Manager and President of FBA
Distributors, LLC; Managing Member of Info
Solutions, LLC; Officer of Online Auction
Learning Center (Mass. Corp.) and Online
Auction Learning Center (Nev. Corp.)

_____          Date: 04/23/2018

Jody L. Marshall, Individually and as Manager
of Info Pros, LLC; Managing Member of Info
Solutions, LLC; Owner of FBA Distributors,
LLC

**FOR FEDERAL TRADE COMMISSION:**

*Robert Anguizola*
_____          Date: 6/12/2018

Roberto Anguizola
Illinois Bar # 6270874
(Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3284
Email: ranguizola@ftc.gov

1   Miry Kim
    Washington Bar # 31456
2   (Admitted pursuant to LR IA 11-3)
    Tel. (202) 326-3622
3   Email: mkim@ftc.gov

4   Gregory J. Evans
    DC Bar # 1033184
5   (Admitted pursuant to LR IA 11-3)
    Tel. (202) 326-3425
6   Email: gevans2@ftc.gov

7   Federal Trade Commission
    600 Pennsylvania Avenue, N.W.
8   Mail Drop CC-8528
    Washington, D.C. 20580

9
    **Attorneys for Plaintiff**
10  **FEDERAL TRADE COMMISSION**

11

12

13

14

15

16

17

18

19

20

21

22

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2018, I caused the foregoing document to be filed with the Clerk of the Court via the Court's CM/ECF electronic filing system.  Additionally, I served all of the counsel and parties listed on the attached Service List by the methods indicated therein.

       /s/ Roberto Anguizola
Roberto Anguizola
Attorney for Plaintiff
FEDERAL TRADE COMMISSION

1

## SERVICE LIST

2

Suzette Michele M. Moore
S. Moore Law

3

4720 Cleveland Heights Blvd.
Suite 201

4

Lakeland, FL 33813
Tel. (863) 229-2140

5

Email: s.moore@smoorelaw.com

6

**Attorney for defendants AWS, LLC, FBA
Distributors, LLC, FBA Stores, LLC,**

7

**Info Pros, LLC, Online Auction Learning
Center, Inc. (Mass. Corp.), Online**

8

**Auction Learning Center, Inc. (Nev.
Corp.), Christopher F. Bowser, Adam S.**

9

**Bowser, and Jody Marshall**

10

**Seeking admission Pro Hac Vice**

11

**Served via email**

12

Brick Kane
President

13

Robb Evans & Associates LLC
11450 Sheldon Street

14

Sun Valley, California 91352-1121
Tel: (818) 768-8100

15

Fax: (818) 768-8802
Email: bkane@robbevans.com

16

**Court Appointed Receiver**

17

**Served via email**

18

19

20

21

22

23

Ronald D. Green (NV Bar No. 7360)
LaTeigra C. Cahill (NV Bar No. 14352)
Randazza Legal Group, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Tel. (702) 420 2001
Email: lcc@randazza.com,
rdg@randazza.com

**Attorney for defendants AWS, LLC,
FBA Distributors, LLC, FBA Stores,
LLC, Info Pros, LLC, Online Auction
Learning Center, Inc. (Mass. Corp.),
Online Auction Learning Center, Inc.
(Nev. Corp.), Christopher F. Bowser,
Adam S. Bowser, and Jody Marshall**

**Served via email**

Gary Owen Caris
Barnes & Thornburg LLP
2029 Century Park E., Suite 300
Los Angeles, California 90067-2904
Tel. (424) 363-2920
Email: gcaris@btlaw.com

**Attorney for the Court Appointed
Receiver Robb Evans & Associates
LLC**

**Served via email**

2

James C. Bastian, Jr.
Shulman Hodges & Bastian LLP
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Tel. (949) 340-3400
Email: jbastian@shbllp.com

**Attorney for defendants Adams
Consulting, LLC, Global Marketing
Services L.L.C, and Jeffery A. Gomez**

**Served via email**