Roberto Anguizola
Illinois Bar # 6270874 (Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3284
Email: ranguizola@ftc.gov

Miry Kim
Washington Bar # 31456 (Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3622
Email: mkim@ftc.gov

Gregory J. Evans
DC Bar # 1033184 (Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3425
Email: gevans2@ftc.gov

Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-8528
Washington, DC 20580

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

AWS, LLC, a Nevada limited liability company;
ADAMS CONSULTING, LLC, a California limited
liability company; FBA DISTRIBUTORS, LLC, a
Massachusetts limited liability company; FBA
STORES, LLC, a Nevada limited liability company;
GLOBAL MARKETING SERVICES L.L.C., a
Nevada limited liability company; INFO PROS,
LLC, a Nevada limited liability company; INFO
SOLUTIONS, LLC, a Nevada limited liability
company; ONLINE AUCTION LEARNING
CENTER, INC., a Massachusetts corporation;
ONLINE AUCTION LEARNING CENTER, INC.,
a Nevada corporation; CHRISTOPHER F.
BOWSER; ADAM S. BOWSER; JODY L.
MARSHALL; and JEFFREY A. GOMEZ,

    Defendants.

CASE NO. 2:18-cv-00442-JCM-PAL

**STIPULATED ORDER FOR
PERMANENT INJUNCTION AND
MONETARY JUDGMENT AS TO
DEFENDANTS ADAMS
CONSULTING, LLC, GLOBAL
MARKETING SERVICES L.L.C.,
AND JEFFREY A. GOMEZ**

1

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief, as amended, ("Complaint"), in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b.  The Commission and Defendants Adams Consulting, LLC, Global Marketing Services L.L.C., and Jeffrey A. Gomez ("Settling Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Settling Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in violation of the Business Opportunity Rule, 16 C.F.R. Part 437, in connection with the advertising, marketing, distribution, promotion and sale of business opportunities to consumers throughout the United States.

3.      Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.      Settling Defendants waive and release any claims that they may have against the Commission and the Receiver, including against any agent of the Commission or the Receiver, that relate to this action.

5.      Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      **"Business Coaching Program"** means any program, plan, good, or service, including those related to business opportunities, that is represented, expressly or by implication, to coach, train or teach a participant or Purchaser how to establish, operate, or improve the Purchaser's business.

B.      **"Business Opportunity"** means a commercial arrangement in which:

1.      A Seller solicits a prospective Purchaser to enter into a new business; and

2.      The prospective Purchaser makes a required payment; and

3.      The Seller, expressly or by implication, orally or in writing, represents that the Seller or one or more Designated Persons will:

(i)      Provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the Purchaser; or

(ii)      Provide outlets, accounts, or customers, including Internet outlets, accounts, or customers, for the Purchaser's goods or services; or

(iii)      Buy back any or all of the goods or services that the Purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including providing payment for such services as, for example, stuffing envelopes from the Purchaser's home.

C.      **"Designated Person"** means any Person, other than the Seller, whose goods or services the Seller suggests, recommends, or requires that the Purchaser use in establishing or operating a new business.

D.    "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements (including advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases, and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

E.    "**Earnings Claim**" means any oral, written, or visual representation to a consumer, prospective Purchaser or investor that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits.  Earnings claims include, but are not limited to any:  (1) chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) statements from which a consumer, prospective Purchaser or investor can reasonably infer that he or she will earn a minimum level of income (e.g., "earn enough to buy a Porsche," "earn a six-figure income," or "earn your investment back within one year").

F.    "**Experienced Real Estate Investor**" means a person who: (1) has completed at least five real estate transactions with the intention of earning a return on the real property, either

1   through rental income, the future resale of the real property or both; and (2) has been actively

2   buying and selling real properties for investment purposes for at least one year.

3   G.      **"Person"** means a natural person, organization, or legal entity, including a corporation,

4   partnership, proprietorship, association, cooperative, government or governmental subdivision or

5   agency, or any other group or combination acting as an entity.

6   H.      **"Providing locations, outlets, accounts, or customers"** means furnishing the

7   prospective Purchaser with existing or potential locations, outlets, accounts, or customers;

8   requiring, recommending, or suggesting one or more locators or lead generating companies;

9   providing a list of locator or lead generating companies; collecting a fee on behalf of one or more

10  locators or lead generating companies; offering to furnish a list of locations; or otherwise

11  assisting the prospective Purchaser in obtaining his or her own locations, outlets, accounts, or

12  customers.

13  I.      **"Purchaser"** means a Person who buys a Business Opportunity or Business Coaching

14  Program.

15  J.      "**Receiver**" means Robb Evans & Associates LLC, the receiver appointed in Section XI

16  of the Temporary Restraining Order issued on March 14, 2018 [ECF No. 29] and Section XII of

17  the Stipulated Temporary Restraining Order issued on April 18, 2018 [ECF No. 57], and whose

18  appointment is continued in Section VI of this Order, and any deputy receivers that shall be

19  named by Robb Evans & Associates LLC.

20  K.      "**Receivership Estate**" means the assets identified in Section III.F of this Order and all

21  assets of the Settling Corporate Defendants, including: (a) any assets of the Settling Corporate

22  Defendants currently in the possession of the Receiver; (b) all the funds, property, premises,

23  accounts, documents, mail, and all other assets of, or in the possession or under the control of the

1  Settling Corporate Defendants, wherever situated, the income and profits therefrom, all sums of

2  money now or hereafter due or owing to the Settling Corporate Defendants, and any other assets

3  or property belonging or owed to the Settling Corporate Defendants; (c) any assets of the Settling

4  Corporate Defendants held in asset protection trusts; (d) any reserve funds or other accounts

5  associated with any payments processed on behalf of any Settling Corporate Defendant,

6  including such reserve funds held by a payment processor, credit card processor, or bank; and (e)

7  all proceeds from the sale of such assets, except those assets the sale of which the Receiver

8  determines will not add appreciably to the value of the estate.

9  L.     **"Seller"** means a person who offers for sale or sells a Business Opportunity or Business

10 Coaching Program.

11 M.     **"Settling Corporate Defendants"** means Adams Consulting, LLC and Global Marketing

12 Services L.L.C., and any of their subsidiaries, affiliates, successors, and assigns.

13 N.     "**Settling Defendants**" means all of the Settling Corporate Defendants and Jeffrey A.

14 Gomez, individually, collectively, or in any combination.

15                                    **ORDER**

16    **I.     BUSINESS OPPORTUNITY AND BUSINESS COACHING BAN**

17         IT IS ORDERED that Settling Defendants are permanently restrained and enjoined from

18 advertising, marketing, distributing, promoting, or offering for sale, or assisting in the

19 advertising, marketing, distributing, promoting, or offering for sale of, any Business Opportunity

20 or Business Coaching Program.  Notwithstanding the foregoing, defendant Jeffrey A. Gomez

21 ("Gomez") shall be permitted to advertise, market, promote, offer for sale, and provide

22 consulting services to licensed real estate professionals and Experienced Real Estate Investors.

23

## II.      PROHIBITED BUSINESS ACTIVITIES

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A.       making any Earnings Claim, unless the Earnings Claim is non-misleading, and, at the time such claim is made, Settling Defendants: (1) have a reasonable basis for their claim; (2) have in their possession written materials that substantiate the claim; and (3) make the written substantiation available upon request to the consumer, potential Purchaser or investor, and to the Commission; or

B.       misrepresenting or assisting others in misrepresenting, expressly or by implication any other fact material to consumers concerning any product or service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.  MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.       Judgment in the amount of Sixty-Three Million, Five Hundred Forty-Six Thousand, Nine Hundred Sixty-One, Dollars ($63,546,961.00) is entered in favor of the Commission against Settling Defendants, jointly and severally, as equitable monetary relief.

B.       Gomez is ordered to pay to the Commission One Million, Two-Hundred Fifty Thousand Dollars ($1,250,000.00) (the "Settlement Amount"), which, as Gomez stipulates, his undersigned counsel shall hold in escrow from proceeds of the sale of real property

1  assets as contemplated below for no purpose other than payment to the Commission.  Such

2  payment must be made within 180 days of entry of this Order by electronic fund transfer in

3  accordance with instructions previously provided by a representative of the Commission.  The

4  Commission acknowledges that the Settlement Amount will be paid primarily if not exclusively

5  from the sale of real property assets disclosed to the Commission during settlement negotiations

6  leading to this Order.  Pending payment of the Settlement Amount, the Settling Defendants shall

7  be enjoined from selling, transferring or encumbering any real property asset they own or

8  control, including all real property assets listed on **Attachment A** to this Order, except as

9  necessary to pay the Settlement Amount.  In the event the Settlement Amount is not paid within

10  180 days of entry of this Order, or such other deadline as may be stipulated by the Commission

11  or ordered by this Court, then the judgment becomes immediately due as to the Settling

12  Defendants in the amount specified in Subsection A above (which the parties stipulate only for

13  purposes of this Section represents the consumer injury and unjust enrichment alleged in the

14  Complaint).

15       C.    As security for the payment to the Commission specified in Subsection B above,

16  Gomez, individually and on behalf of his respective successors, assigns, and all other related

17  persons and entities reflected on the title of, or otherwise asserting a lien, mortgage, deed of trust,

18  assignment, pledge, security interest, or other interest in the real and/or personal property

19  described in Attachment A to this Order (collectively, the "Related Parties"), hereby grants to the

20  Commission liens on and security interests in the real and/or personal property described in

21  Attachment A to this Order, together with all dwelling houses, other structures, improvements,

22  appurtenances, hereditaments, and other rights appertaining or belonging thereto, or which

23  hereafter may be added or attached thereto, and all replacements, substitutions therefor or

1    thereto, and proceeds thereof, whether presently existing or hereafter arising (collectively, the

2    "Collateral").

3        D.       Gomez represents and acknowledges that the Commission is relying on the

4    material representations that he and/or the Related Parties are the sole owners in fee simple of the

5    Collateral, title to the Collateral is marketable, and the Collateral currently is not encumbered by

6    any other lien, mortgage, deed of trust, assignment, pledge, security interest or other interest

7    except as set forth in Attachment A to this Order.  Gomez agrees, individually and on behalf of

8    the Related Parties, to subordinate any liens, mortgages, deeds of trusts, assignments, pledges,

9    security interests or other interests that Gomez, individually or through or on behalf of any

10   Related Parties, has in the Collateral to the liens and security interests granted herein to the

11   Commission.  Gomez further agrees, individually and on behalf of the Related Parties, that as of

12   the date on which he signs this Order he shall refrain from transferring, converting, encumbering,

13   selling, assigning, or otherwise disposing of the Collateral, except with the express prior written

14   permission of counsel for the Commission.

15       E.       Gomez, individually and on behalf of the Related Parties, shall cooperate fully

16   with the Commission and be responsible (at his expense, through counsel acceptable to the

17   Commission) for preparing, executing, and recording the necessary instruments and documents,

18   including but not limited to financing statements and continuation statements, doing whatever

19   else the Commission deems necessary or desirable to perfect, evidence, and continue its liens on

20   and security interest in the Collateral, and paying all related fees and costs, including but not

21   limited to attorney's fees and filing fees.  No later than June 15, 2018, Gomez and the Related

22   Parties shall prepare (at their expense, through counsel acceptable to the Commission), execute,

23   and deliver to the Commission mortgages, security agreements, UCC-1 financing statements, and

1    other documents in form and substance satisfactory to the Commission, record such documents

2    (at their expense, through counsel acceptable to the Commission), and take such other steps as

3    the Commission deems necessary or desirable to perfect and evidence its liens on and security

4    interests in the Collateral and to carry out the purposes of this Order.  Upon Gomez's timely and

5    complete satisfaction of the payment to the Commission specified in Subsection B above, at

6    Gomez's written request, the Commission agrees to release the liens and security interests

7    granted herein and Gomez shall be responsible for preparing and filing (at his expense)

8    termination or other statements reasonably required in connection therewith.  The Commission

9    shall also promptly release such liens and security interests to the extent necessary to permit the

10    sale or encumbrance of part or all of the Collateral if the proceeds of such sale or financing are

11    remitted directly to the Commission immediately upon closing of sale or financing in partial or

12    complete satisfaction of the payment to the Commission specified in Subsection B above and

13    Gomez shall pay all fees and costs related to such release, including attorney's fees and filing

14    fees.  Gomez shall be responsible for paying all fees and costs relating to the preparation,

15    execution, delivery, filing, recording, continuation, and termination of the liens and security

16    interests granted herein, including attorney's fees and filing fees.

17          F.     In addition to the payment to the Commission specified in Subsection B above,

18    immediately upon entry of this Order, the Settling Defendants are ordered to surrender to the

19    Commission all control, title, dominion, and interest each has to the following assets:

20          1.     All interest the Settling Defendants have in funds in any accounts in the name of

21                the Settling Corporate Defendants, AWS, LLC, FBA Distributors, LLC, FBA

22                Stores, LLC, Info Pros, LLC, Info Solutions, LLC, Online Auction Learning

23                Center, Inc. (Mass. Corp.), or Online Auction Learning Center, Inc. (Nev. Corp.);

2.      All cash held by the Receiver;

3.      All assets owned by the Settling Corporate Defendants, AWS, LLC, FBA Distributors, LLC, FBA Stores, LLC, Info Pros, LLC, Info Solutions, LLC, Online Auction Learning Center, Inc. (Mass. Corp.), or Online Auction Learning Center, Inc. (Nev. Corp.), including any real, personal, or intellectual property, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail, or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables, insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Settling Corporate Defendants, AWS, LLC, FBA Distributors, LLC, FBA Stores, LLC, Info Pros, LLC, Info Solutions, LLC, Online Auction Learning Center, Inc. (Mass. Corp.), or Online Auction Learning Center, Inc. (Nev. Corp.);

4.      All funds held by Bank of America, N.A., in the name of Global Marketing Services L.L.C., including the account ending in 5758;

5.      All funds held by PayPal, in the name of Adams Consulting LLC, including the merchant account with the merchant identification number ("MID") ending in 8210;

6.      All reserve funds or any other accounts held, controlled, or serviced by EVO Payments International, LLC, EVO Merchant Services, LLC doing business as EVO, or Deutsche Bank AG, and associated with any payments processed by, or

on behalf of FBA Stores LLC or Adams Consulting, LLC, including the merchant

account with the merchant identification number ("MID") ending in 4353;

7.   All reserve funds or any other accounts held, controlled, or serviced by Francis

David Corporation doing business as Electronic Merchant Systems, Chesapeake

Bank or Merrick Bank and associated with any payments processed by, or on

behalf of FBA Stores LLC or Settling Corporate Defendants, including the

merchant account with the MID ending in 0179;

8.   All reserve funds or any other accounts held, controlled, or serviced by Qualpay,

Inc. or Synovus Bank and associated with any payments processed by, or on

behalf of FBA Stores LLC or Settling Corporate Defendants, including the

merchant account with the MID ending in 0602;

G.   To the extent they are not already in the possession of the Receiver, Settling

Defendants shall deliver the assets identified in Subsection F above to the Receiver's possession

within 7 days of the entry of this Order.

H.   The Receiver shall, as soon as practicable, commence the sale of the unliquidated

assets identified in Subsection F above and surrendered pursuant to this Order using a

commercially reasonable procedure.  The Receiver shall hold the surrendered assets, and the

proceeds from the sale of the unliquidated assets, for future transfer in accordance with further

instructions from the Court.

I.   Upon delivery of the payments specified in Subsection B above to the

Commission, and of all the assets specified in Subsection F above to the Receiver, the remainder

of the judgment is suspended, subject to Subsections J-R below.

J.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related Documents (collectively, "financial representations") submitted to the Commission, namely:

1.      the Financial Statement of Individual Defendant Jeffrey A. Gomez signed on May 15, 2018, including the attachments.

K.      The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

L.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury and unjust enrichment alleged in the Complaint), less any payments previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

M.      Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

N.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

1    O.    The facts alleged in the Complaint establish all elements necessary to sustain an

2  action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.

3  § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

4    P.    Settling Defendants acknowledge that their Taxpayer Identification Numbers

5  (Social Security Numbers or Employer Identification Numbers), which Settling Defendants

6  previously submitted to the Commission, may be used for collecting and reporting on any

7  delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

8    Q.    All money paid to the Commission or assets ultimately surrendered to the

9  Commission pursuant to this Order (or any subsequent Court order issued in this matter) and

10  further instructions from the Court may be deposited into a fund administered by the

11  Commission or its designee to be used for equitable relief, including consumer redress and any

12  attendant expenses for the administration of any redress fund.  If a representative of the

13  Commission decides that direct redress to consumers is wholly or partially impracticable or

14  money remains after redress is completed, the Commission may apply any remaining money for

15  such other equitable relief (including consumer information remedies) as it determines to be

16  reasonably related to Settling Defendants' practices alleged in the Complaint.  Any money not

17  used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Settling

18  Defendants have no right to challenge any actions the Commission or its representatives may

19  take pursuant to this Subsection.

20    R.    The asset freeze imposed by the March 14, 2018 Temporary Restraining Order

21  [ECF No. 29] and the April 18, 2018 Stipulated Temporary Restraining Order as to Defendants

22  Adams Consulting, LLC, Global Marketing Services L.L.C., and Jeffrey A. Gomez [ECF No.

23  57], is modified to permit the payment and transfers identified in Subsections B and F above.

1  Upon completion of those payment and transfers, the asset freeze as to Settling Defendants is

2  dissolved.

3  **IV.  CUSTOMER INFORMATION**

4       IT IS FURTHER ORDERED that Settling Defendants, and their representatives, agents,

5  employees, and attorneys, and all other persons in active concert or participation with any of

6  them, who receive actual notice of this Order, are permanently restrained and enjoined from

7  directly or indirectly:

8       A.    failing to provide sufficient customer information to enable the Commission to

9  efficiently administer consumer redress.  Settling Defendants represent that they have provided

10  this redress information to the Commission.  If a representative of the Commission requests in

11  writing any information related to redress, Settling Defendants must provide it, in the form

12  prescribed by the Commission, within 14 days.

13       B.    disclosing, using, or benefitting from customer information, including the name,

14  address, telephone number, email address, social security number, other identifying information,

15  or any data that enables access to a customer's account (including a credit card, bank account, or

16  other financial account), that any Settling Defendant obtained prior to entry of this Order in

17  connection with the advertising, marketing, distribution, promotion and sale of business

18  opportunities to consumers throughout the United States; and

19       C.    failing to destroy such customer information in all forms in their possession,

20  custody, or control within 30 days after receipt of written direction to do so from a representative

21  of the Commission.

22       Provided, however, that customer information need not be disposed of, and may be

23  disclosed, to the extent requested by a government agency or required by law, regulation, or

1  court order.

2  ## V.  COOPERATION

3      IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with

4  representatives of the Commission in this case and in any investigation related to or associated

5  with the transactions or the occurrences that are the subject of the Complaint.  Settling

6  Defendants must provide truthful and complete information, evidence, and testimony.  Defendant

7  Gomez must appear and Settling Corporate Defendants must cause Settling Corporate

8  Defendants' officers, employees, representatives, or agents to appear for interviews, discovery,

9  hearings, trials, and any other proceedings that a Commission representative may reasonably

10  request upon 5 days written notice, or other reasonable notice, at such places and times as a

11  Commission representative may designate, without the service of a subpoena.

12  ## VI.  RECEIVERSHIP

13      IT IS FURTHER ORDERED that Robb Evans & Associates LLC is hereby appointed

14  equity Receiver for the Settling Corporate Defendants for the purpose of taking the necessary

15  steps to wind down the businesses of the Settling Corporate Defendants, liquidate assets, and pay

16  any net proceeds to the Commission to satisfy the monetary judgment in this Order.  In carrying

17  out these duties, the Receiver shall be the agent of this Court, shall be accountable directly to this

18  Court, and is authorized and directed to:

19      A.    Take any and all steps that the Receiver concludes are appropriate to wind down

20  the affairs of the Settling Corporate Defendants.

21      B.    Continue to exercise full control over the Settling Corporate Defendants and

22  continue to collect, marshal, and take custody, control, and possession of all the funds, property,

23  premises, accounts, documents, mail, and other assets of, or in the possession or under the

1   control of the Settling Corporate Defendants, wherever situated, the income and profits

2   therefrom, and all sums of money now or hereafter due or owing to the Settling Corporate

3   Defendants.

4          C.      Continue to have full control over the management and personnel of the Settling

5   Corporate Defendants.

6          D.      Take all steps necessary or advisable, including issuing subpoenas, to locate and

7   liquidate all other assets of the Settling Corporate Defendants, cancel the Settling Corporate

8   Defendants' contracts, collect on amounts owed to the Settling Corporate Defendants, and take

9   such other steps as may be necessary to wind-down the Settling Corporate Defendants

10   efficiently.

11          E.      To the extent not already completed, the Receiver shall as soon as practicable

12   after the entry of this Order, take exclusive custody, control, and possession of all assets

13   identified in Section III.F of this Order.

14          F.      The Receiver shall give reasonable notice to the Commission and Gomez of any

15   settlements or compromises by the Receiver concerning the Receivership Estate, before the

16   settlement or compromise is consummated.  Within 20 days of this notice, the Commission and

17   Gomez shall have the opportunity to object to any such settlement, by filing a motion with the

18   Court.

19          G.      Make payments and disbursements from the Receivership Estate that are

20   necessary or advisable for carrying out the directions of, or exercising the authority granted by,

21   this Order.  Upon reasonable notice to the Commission and Gomez, the Receiver shall apply to

22   the Court for prior approval of any payment of any debt or obligation incurred by the Settling

23   Corporate Defendants prior to the date of entry of the temporary restraining order in this action,

1   except payments that the Receiver deems necessary or advisable to ensure assets of the Settling

2   Corporate Defendants are not lost, stolen, or dissipated.

3           H.     Institute actions or proceedings in state, federal, or foreign courts as the Receiver

4   deems necessary and advisable to preserve or recover the assets of the Settling Corporate

5   Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's

6   mandate under this Order, including actions challenging fraudulent or voidable transfers.

7           I.     Defend any or all actions or proceedings instituted against the Settling Corporate

8   Defendants, as the Receiver deems necessary and advisable to preserve the assets of the Settling

9   Corporate Defendants.

10          J.     Continue to maintain accurate records of all receipts and expenditures incurred as

11   the Receiver.

12          K.     Perform all acts necessary or advisable to complete an accurate accounting of

13   assets of the Receivership Estate, and prevent unauthorized transfer, withdrawal, or

14   misapplication of said assets.

15          L.     Continue to be entitled to reasonable compensation for the performance of the

16   Receiver's duties pursuant to this Order, including duties performed by the Receiver's agents,

17   including accountants and lawyers, and for the cost of actual out-of-pocket expenses incurred by

18   them, from the assets of the Receivership Estate, at the hourly rate previously agreed to by the

19   Receiver and used as the bases for prior fee applications approved by the Court.

20          M.     Notwithstanding his agreement to and the Court's entry of this Order, Gomez

21   shall have the right to contest, challenge or object to any action, settlement or compromise that in

22   any way impacts his liability pursuant to any personal guaranty he has provided in connection

23   with any of the merchant accounts listed in Section III.F. above.  Nothing in this Order shall

alter, impact or impair any rights held by Gomez as a guarantor of any claims or liabilities arising under any agreements or applicable law in connection with the merchant accounts referenced in Section III.F. above.

## VII. RECEIVER'S FINAL REPORT AND DISBURSEMENT

IT IS FURTHER ORDERED that:

A.      No later than 180 days from the date of the entry of this Order, the Receiver shall file and serve on the parties a report (the "Final Report") to the Court that details the steps taken to dissolve the Receivership Estate.  The Final Report must include an accounting of the Receivership Estate's finances and total assets and a description of what other actions, if any, must be taken to wind down the Receivership.

B.      The Receiver shall mail copies of the Final Report to all known creditors of the Settling Corporate Defendants with a notice stating that any objections to paying any assets of the Settling Corporate Defendants to satisfy the Receiver's costs and expenses and the monetary judgment set forth in this Order must be submitted to the Court and served by mail upon the Receiver and the parties within twenty-eight (28) days of the mailing of the Final Report.

C.      No later than fourteen (14) days after submission of the Final Report, the Receiver shall file an application for payment of compensation and expenses associated with his performance of his duties as Receiver.

D.      The Court will review the Final Report and any objections to the report and, absent a valid objection, will issue an order directing that the Receiver:

1.      Pay the reasonable costs and expenses of administering the Receivership, including compensation of the Receiver and the Receiver's personnel authorized

1   by Section VI of this Order or other orders of this Court and the actual

2   out-of-pocket costs incurred by the Receiver in carrying out his duties;

3       2.    Pay all remaining funds to the Commission or its designated agent to reduce the

4   monetary judgment in Section III.

5       E.    With Court approval, the Receiver may hold back funds for a specified period as a

6   reserve to cover additional fees and costs related to actions to be addressed in a supplemental

7   application.  If the Receiver does not make a supplemental application for fees and expenses

8   within the specified period, or if funds remain in the reserve funds after the payment of fees and

9   expenses approved by the Court in response to such a supplemental application, all funds in the

10  reserve funds shall be immediately paid to the Commission or its designated agent.

11      F.    Any and all uncollected judgments obtained for the benefit of the Settling

12  Corporate Defendants shall be assigned to the Commission for further collection efforts.

13  **VIII.  ORDER ACKNOWLEDGMENTS**

14      IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of

15  receipt of this Order:

16      A.    Each Settling Defendant, within 7 days of entry of this Order, must submit to the

17  Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

18      B.    For 10 years after entry of this Order, Defendant Gomez for any business that

19  Defendant Gomez, individually or collectively with any other Settling Defendants, is the

20  majority owner or controls directly or indirectly, and each Settling Corporate Defendant, must

21  deliver a copy of this Order to:  (1) all principals, partners, officers, directors, and LLC managers

22  and members; (2) all employees, agents, and representatives who participate in conduct related to

23  the subject matter of the Order; and (3) any business entity resulting from any change in structure

as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Settling Defendant (which Defendant Gomez must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.     Additionally, Defendant Gomez must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant Gomez performs services whether as an employee or otherwise and any entity in which Defendant Gomez has any ownership interest; and (c) describe in detail Defendant Gomez's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 10 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Each Settling Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Settling Corporate Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, Defendant Gomez must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant Gomez performs services whether as an employee or otherwise and any entity in which Defendant Gomez has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

1    C.    Each Settling Defendant must submit to the Commission notice of the filing of

2 any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling

3 Defendant within 14 days of its filing.

4    D.    Any submission to the Commission required by this Order to be sworn under

5 penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by

6 concluding:  "I declare under penalty of perjury under the laws of the United States of America

7 that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's

8 full name, title (if applicable), and signature.

9    E.    Unless otherwise directed by a Commission representative in writing, all

10 submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or

11 sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement,

12 Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

13 Washington, DC 20580.  The subject line must begin:  *FTC v. AWS, LLC et al.*, X180026.

14              **X.  RECORDKEEPING**

15    IT IS FURTHER ORDERED that Settling Defendants must create certain records for 10

16 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling

17 Corporate Defendants and Defendant Gomez for any business that such Settling Defendant,

18 individually or collectively with any other Settling Defendants, is a majority owner or controls

19 directly or indirectly, must create and retain the following records:

20    A.    accounting records showing the revenues from all goods or services sold;

21    B.    personnel records showing, for each person providing services, whether as an

22 employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position;

23 dates of service; and (if applicable) the reason for termination;

1      C.     records of all consumer complaints and refund requests, whether received directly

2 or indirectly, such as through a third party, and any response;

3      D.     all records necessary to demonstrate full compliance with each provision of this

4 Order, including all submissions to the Commission; and

5      E.     a copy of each unique advertisement or other marketing material.

6                  **XI.  COMPLIANCE MONITORING**

7      IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants'

8 compliance with this Order, including the financial representations upon which part of the

9 judgment was suspended and any failure to transfer any assets as required by this Order:

10      A.     Within 14 days of receipt of a written request from a representative of the

11 Commission, each Settling Defendant must:  submit additional compliance reports or other

12 requested information, which must be sworn under penalty of perjury; appear for depositions;

13 and produce Documents for inspection and copying.  The Commission is also authorized to

14 obtain discovery, without further leave of court, using any of the procedures prescribed by

15 Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45,

16 and 69.

17      B.     For matters concerning this Order, the Commission is authorized to communicate

18 directly with each Settling Defendant.  Settling Defendant must permit representatives of the

19 Commission to interview any employee or other person affiliated with any Settling Defendant

20 who has agreed to such an interview.  The person interviewed may have counsel present.

21      C.     The Commission may use all other lawful means, including posing, through its

22 representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants

23 or any individual or entity affiliated with Settling Defendants, without the necessity of

identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant Gomez, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** October 10, 2018.

_____
United States District Judge

**STIPULATED AND AGREED TO BY:**

**FOR SETTLING DEFENDANTS:**

_____          Date: June 13, 2018
James C. Bastian, Jr.
Shulman Hodges & Bastian LLP
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Tel. (949) 340-3400
Email: jbastian@shbllp.com

**Attorney for defendants Adams Consulting, LLC, Global Marketing Services L.L.C, and Jeffery A. Gomez**

**DEFENDANT:**

_____     Date: 6-5-2018

Jeffrey A. Gomez, Individually and as
Manager of Adams Consulting, LLC; and
President and Treasurer of Global Marketing
Services L.L.C.


**FOR FEDERAL TRADE COMMISSION:**

_____     Date: 9/7/2018

Roberto Anguizola
Illinois Bar # 6270874
(Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3284
Email: ranguizola@ftc.gov

Miry Kim
Washington Bar # 31456
(Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3622
Email: mkim@ftc.gov

Gregory J. Evans
DC Bar # 1033184
(Admitted pursuant to LR IA 11-3)
Tel. (202) 326-3425
Email: gevans2@ftc.gov

Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop CC-8528
Washington, D.C. 20580

**Attorneys for Plaintiff**
**FEDERAL TRADE COMMISSION**

**Attachment A**

Federal Trade Commission v. AWS, LLC, *et al.*, 2:18-cv-00442-JCM-PAL (D. Nev.)

| Property | Address | Legal Description | Acreage | Estimated Value | Owner | Encumbrances |
|---|---|---|---|---|---|---|
| APN: 0142-721-34 San Bernardino County, CA 137 S Terrace Rd San Bernardino, CA 92410 | 137 S Terrace Rd San Bernardino, CA 92410 | Lot 60, Tract No. 14235, as per map recorded in Book 229, pages 90 to 93, inclusive of Maps, in the Office of the County Recorder of said County | Lot Size: 7,215 sf; Square Feet: 1,666 sf | $320,000.00 | Jeff Gomez | None |
| APN: 1009-232-12 San Bernardino County, CA 4343 Alamitos St Montclair, CA 91763 | 4343 Alamitos St Montclair, CA 91763 | Lot 14 of Tract No. 6259, as shown by map on file in Book 78 Page(s) 3-4, of Maps, Records of San Bernardino County, California | Lot Size: 7,280 sf; Square Feet: 1,300 | $411,000.00 | The 1640 N. Willow Trust | None |
| APN: 1076-221-67 San Bernardino County, CA 7013 Ramona Ave Alta Loma, CA 91701 | 7013 Ramona Ave Alta Loma, CA 91701 | Lot 66 of Tract No. 9450, in the City of Rancho Cucamonga, in the County of San Bernardino, State of Califorina, as per map recorded in Book 133, page 63, 64 and 65, of Maps, in the Office of the County Recorder of Said County.  All interest therefrom an undivided 49% interest in all oil, gas, minerals and other hydrocarbon substances lying below a depth shown below but with no right of surface entry as provided in Deed.  Depth: 500 feet recorded May 27, 1977 in Book 9187, Page 1307 Official Records | Lot Size: 7,200 sf; Square Feet: 2,012 sf | $561,000.00 | The 7013 Ramona Avenue Trust | None |
| APN: 0236-462-22 San Bernardino County, CA 14227 Weeping Willow Ln Fontana, CA 92337 | 14227 Weeping Willow Ln Fontana, CA 92337 | Real property in the City of Fontana, County of San Bernardino, State of California, described as follows:<br><br>Lot 22, Tract Number 12690-4, in the County of San Bernardino, State of California, as per plat recorded in Book 196 of Maps, Page(s) 27 to 30, inclusive, records of said County.<br><br>Certificate of Correction recorded November 5, 1987, Instrument No. 87-395204, Official Records.<br><br>Excepting therefrom an undivided interest in and to all oil, gas, petroleum, all kindred substances, precious metals, ores, asphaltum, minerals, whether known or unknown, and any other hydrocarbon substances lying below a depth of 500 feet, measured vertically, from the surface of the land, but without the right of entry to take or recover same, as reserved in various deeds of records. | Lot Size: 4,000 sf; Square Feet: 1,109 sf | $340,000.00 | The Weeping Willow Trust | None |
| APN: 0153-031-13 San Bernardino County, CA 3588 N Lugo Ave San Bernardino, CA 92404 | 3588 N. Lugo Ave San Bernardino, CA 92404 | Lot 2 of Tract No. 2976, in the City of San Bernardino, County of San Bernardino, State of California, as per map recorded in Book 42 Page 76, of maps, in the office of the County Recorder of said county | Lot Size: 7,011 sf; Square Feet: 1,049 sf | $261,000.00 | The Lugo #1 Title Trust | None |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on September, 7, 2018, I caused the foregoing document to be filed

3

with the Clerk of the Court via the Court's CM/ECF electronic filing system.  Additionally, I

4

served all of the counsel and parties listed on the attached Service List by the methods indicated

5

therein.

<u>/s/ Gregory J. Evans</u>

6

Gregory J. Evans
Attorney for Plaintiff

7

FEDERAL TRADE COMMISSION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## SERVICE LIST

| | |
|---|---|
| Suzette Michele M. Moore<br>S. Moore Law<br>4720 Cleveland Heights Blvd.<br>Suite 201<br>Lakeland, FL 33813<br>Tel. (863) 229-2140<br>Email: s.moore@smoorelaw.com | Ronald D. Green (NV Bar No. 7360)<br>LaTeigra C. Cahill (NV Bar No. 14352)<br>Randazza Legal Group, PLLC<br>4035 S. El Capitan Way<br>Las Vegas, NV 89147<br>Tel. (702) 420 2001<br>Email: lcc@randazza.com,<br>rdg@randazza.com |
| **Attorney for defendants AWS, LLC, FBA Distributors, LLC, FBA Stores, LLC, Info Pros, LLC, Online Auction Learning Center, Inc. (Mass. Corp.), Online Auction Learning Center, Inc. (Nev. Corp.), Christopher F. Bowser, Adam S. Bowser, and Jody Marshall**<br><br>**Served via email** | **Attorneys for defendants AWS, LLC, FBA Distributors, LLC, FBA Stores, LLC, Info Pros, LLC, Online Auction Learning Center, Inc. (Mass. Corp.), Online Auction Learning Center, Inc. (Nev. Corp.), Christopher F. Bowser, Adam S. Bowser, and Jody Marshall**<br><br>**Served via email** |
| Brick Kane<br>President<br>Robb Evans & Associates LLC<br>11450 Sheldon Street<br>Sun Valley, California 91352-1121<br>Tel: (818) 768-8100<br>Fax: (818) 768-8802<br>Email: bkane@robbevans.com | Gary Owen Caris<br>Barnes & Thornburg LLP<br>2029 Century Park E., Suite 300<br>Los Angeles, California 90067-2904<br>Tel. (424) 363-2920<br>Email: gcaris@btlaw.com |
| **Court Appointed Receiver**<br><br>**Served via email** | **Attorney for the Court Appointed Receiver Robb Evans & Associates LLC**<br><br>**Served via email** |

James C. Bastian, Jr.
Shulman Hodges & Bastian LLP
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Tel. (949) 340-3400
Email: jbastian@shbllp.com

**Attorney for defendants Adams
Consulting, LLC, Global Marketing
Services L.L.C, and Jeffery A. Gomez**

**Served via email**

Thomas E. Pontes
John D. Bowen
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA 02767
Tel. (508) 823-4567
Email: tpontes@wynnandwynn.com,
jbowen@wynnandwynn.com

**Attorneys for Bank of America, N.A.
Seeking Admission via Pro Hace Vice**

**Served via email**

Robert J. Cassity
Holland & hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, NV 89134
Tel. (702) 699-4600
Email: bcassity@hollandhart.com,
Intaketeam@hollandhart.com,
vlarsen@hollandhart.com

**Attorneys for Bank of America, N.A.**

**Served via email**